**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NFC TECHNOLOGY, LLC, | § § § § § | |
| Plaintiff, | § § § | |
| v. | § § § | Civil Action No. 2:13-cv-1058-JRG |
| HTC AMERICA, INC. et al., | § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § § § | |

**HTC AMERICA, INC.'S MOTION TO JOIN LG'S MOTION TO DISMISS OR
ALTERNATIVELY TRANSFER VENUE (Dkt. 12)**

I.  **INTRODUCTION**

On February 5, 2014, Defendant LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. (collectively "LG") moved to dismiss plaintiff NFC Technology, LLC's ("NFCT") claims because NFCT improperly joined LG with HTC America, Inc. ("HTC America") in violation of 35 U.S.C. § 299.  In the alternative, LG moved to sever NFCT's claims against LG and transfer the case against LG to either the Southern District of California or the Northern District of California because this case had no connection to the Eastern District of Texas and because both the Southern District of California and the Northern District of California were more convenient venues.

HTC America hereby joins LG's motion to dismiss, or in the alternative to sever and transfer to the Southern District of California or the Northern District of California.  HTC America also alternatively moves to transfer the entire case to either the Southern District of California or the Northern District of California should the Court deny the motion to dismiss and the motion to sever.  That is, it is HTC America's position that this case belongs in the Southern District of California or Northern District of California, regardless of whether HTC America and LG are joined or not.  For the Court's convenience, rather than repeat all of the arguments and evidence contained in LG's motion to dismiss / transfer, HTC America incorporates LG's motion (D.I. 12) and supporting exhibits and declarations herein.

Further, in addition to the reasons set forth in LG's motion, transfer of NFCT's case against HTC America to either the Southern or the Northern District of California is appropriate because like LG (and NFCT), HTC America has no relevant ties to the Eastern District of Texas. HTC America witnesses and evidence are located in Bellevue, Washington, which is approximately 750 miles closer to the Southern District of California than the Eastern District of Texas, and well over 1100 miles closer to the Northern District of California.  Moreover, NFCT,

alleges this case is about near field communication ("NFC") chips provided by NXP Semiconductor that are allegedly in the accused HTC America phones, and allegedly cause the purported infringement of the NFCT asserted patents. NXP Semiconductor's U.S. headquarters is located in San Jose, California, and at least one NXP Semiconductor witness is located in Cardiff, California in the Southern District of California. Thus, critical witnesses and documents in this case are either located in California, or much closer to California than Texas, supporting the transfer of this case.

## II. STATEMENT OF FACTS

### A. HTC America is a Washington corporation, with witnesses and documents located in Bellevue, Washington.

HTC America is a Washington corporation, with a principal place of business in Bellevue, Washington (near Seattle). [Ex. 1 - Declaration for Stephanie Bariault ("Bariault Decl.") at ¶ 3.] HTC America imports mobile phones into the United States, including the mobile phones NFCT alleges infringe the patents-in-suit.[1] [*Id.* at ¶¶ 4 and 9.] HTC America coordinates its sales activities from its headquarters in Bellevue, and HTC America employees who could testify about how HTC America designs, markets, distributes, and sells the accused mobile phones are located in Bellevue. [*Id.* at ¶¶ 4 and 14.] HTC America's records relating to the design and operation of its mobile phones, as well as records relating to its corporate finances and to the marketing and sales of its mobile phones, are located primarily in Bellevue, Washington. [*Id.* at ¶ 7.]

---

[1] The accused products identified in NFCT's complaint are: HTC Amaze 4G, HTC EVO 4G LTE, HTC First, HTC One LTE, HTC One SV, HTC One VX, HTC One X, HTC One X+, HTC One XC, HTC One XL, HTC Droid DNA, and HTC Droid Incredible 4G LTE. [Complaint at ¶ 3.]

2

HTC America does not have any offices in the Eastern District of Texas, and it does not have any retail stores or conduct retail operations anywhere in the United States. [*Id.* at ¶¶ 5 and 6.] HTC America did not research, design, or develop any of the accused products in Texas. [*Id.* at ¶ 7.] No HTC America witness in this case resides or works in the Eastern District of Texas, and no HTC America documents relevant to this case are located in the Eastern District of Texas. [*Id.* at ¶¶ 7 and 14.]

### B. NXP Semiconductor NFC chips are central to this case, and NXP is located in the Northern District of California.

NFCT alleges that HTC America mobile phones with NXP semiconductor chips with near field communication capability are central to its infringement claim. [Complaint at ¶ 3.] NFCT does not identify any other specific component of the accused products that relates to its infringement claim. Indeed, the NXP chips contained in HTC America's products and LG's products are the basis for NFCT's purported joinder of the defendants in this action. [Complaint at ¶ 15.] As discussed on page 7 of LG's motion, NXP Semiconductor's U.S. division is headquartered in San Jose, California, and it has over 250 employees involved in research, design, testing, and sales activities. Some of the employees in San Jose work on selling and supporting NXP's NFC chip sets. Further, the head of NXP's Near Field Communication business Jeff Miles resides in Cardiff, California which is just north of San Diego, and is in the Southern District of California. Documents related to NXP's NFC products are located in both the Southern and Northern Districts of California. [*See generally* LG's Motion to Dismiss, Ex. 19 (Declaration of James N. Casey).]

### C. NFCT has no legitimate connection to the Eastern District of Texas.

NFCT has no known legitimate connection to the Eastern District of Texas. As discussed on pages 4 and 5 of LG's motion, NFCT was incorporated just sixteen days before NFCT filed

this lawsuit, and NFCT is owned by France Brevets, which is a French company located in Paris. [LG's Motion to Dismiss, exs. 1 and 2.] NFCT did not even own the patents-in-suit until seven days before it filed suit against HTC America; the French company Inside Secure did. [*Id.*, exs. 7 and 8.] None of the named inventors reside or work in the Eastern District of Texas; they all reside in France. [*Id.*, exs. 3-5.]

### III. ARGUMENT

#### A. NFCT did not properly join HTC America and LG.

For the convenience of the Court, HTC America incorporates and adopts (and does not repeat) LG's positions in its Motion to Dismiss on the impropriety of joinder of HTC America and LG under 35 U.S.C. § 299. [*See, id.* at pgs. 9-12.] In summary, joinder is improper at least because:

- The accused products are HTC America and LG mobile phones, and there is no overlap between the accused HTC America and LG products.
- The allegations against HTC America and LG do not arise from the same transaction or occurrence.
- None of the additional *EMC* joinder factors support joining HTC America and LG into a single case.

#### B. Transfer to the Southern or Northern District of California is appropriate.

##### 1. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might be brought." 28 U.S.C. § 1404(a). A threshold question is whether the suit might have been brought in the proposed transferee venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (*en banc*) (*Volkswagen II*). Once a defendant satisfies this burden, the Court weighs certain factors

4

to determine whether transfer is warranted. *Id.*, 545 F.3d 314 n.9. The moving party must show good cause by demonstrating the transferee venue is clearly more convenient. *Id.*, 545 F.3d at 314; *In re Nintendo*, 589 F.3d 1194, 1200 (Fed. Cir. 2009). Courts analyze and balance both public and private factors when deciding whether to transfer a case. *Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1198.

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1198. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws in the application of foreign law. *Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1198.

### 2. NFCT could have sued HTC America in the Southern and Northern District of California

NFCT could have sued HTC America in either the Southern District of California or the Northern District of California. HTC America's contacts with the Southern and Northern Districts of California are substantial, especially when compared to its minimal, if any, contacts with the Eastern District of Texas. For example, HTC America routinely conducts business in San Diego, and that business is related to the products accused of infringement in this case. [Ex. 1 - Bariault Decl. at ¶ 12.] HTC America employees travel to and have traveled to San Diego to conduct business related to the development and design of the accused products. [*Id.*] Likewise, HTC America conducts substantial business in the Northern District of California related to the

accused products, and its employees frequently travel and have traveled to that district to work on the design and development of the accused products. [*Id.* at ¶ 10.] The accused products are sold throughout the Southern and Northern District of California [*Id.* at ¶¶ 12 and 14.], and these sales are one of the very acts alleged to infringe the patents-in-suit. HTC America purposely availed itself of California's jurisdiction, and it is subject to specific personal jurisdiction in California and in the Southern and Northern Districts of California.

HTC America has had at least four patent cases transferred from the Eastern District of Texas to the Northern District of California. *See, Hopewell Culture & Design, LLC v. Adobe Inc. et al.*, 2:10-cv-00586-DF at dkt. 139 (E.D. Tex. Jan. 9, 2012); *Touchscreen Gestures LLC v. HTC Corp. et al.*, 6:12-cv-00261-MHS at dkt. 17 (E.D. Tex. March 27, 2013); *Adaptix, Inc. v. AT&T, Inc. et al.*, 6:12-cv-00019-MHS at dkt. 61 (E.D. Tex. March 28, 2013); *TSE v. Google Inc. et al.*, 6:12-cv-00356-LED at dkt. 52 (E.D. Tex. Dec. 12, 2012). Additionally, HTC America has been a defendant in the Southern District of California in several patent cases. *See, e.g.*, *Innovative Patent Technology LLC v. HTC Corp. et al.*, 3:09-cv-01012-JM-AJB (S.D. Cal.); *Development Innovation Group, LLC v. Nokia Inc. et al.*, 3:11-cv-02150-AJB-WVG (S.D. Cal.); *Peregrine Semiconductor Corp. v HTC Corp. et al.*, 3:12-cv-01160-IEG-WMC (S.D. Cal.); *Wi-LAN USA, Inc. et al. v. HTC Corp. et al.*, 3:13-cv-00871-DMS-BLM (S.D. Cal.); *Nokia Corp. et al. v. HTC Corp. et al.*, 3:13-cv-01231-BEN-BLM (S.D. Cal.). Thus, it is without question that HTC America could have been sued in the Northern and/or Southern Districts of California, as it has been and currently is a defendant in those venues.

### 3. Relative Ease of Access to Sources of Proof

The majority of relevant evidence in this case is located in or near the Southern or Northern Districts of California. Certainly the majority of evidence is located much closer to the Northern and Southern Districts of California than to the Eastern District of Texas.

HTC America's relevant witnesses and documents are all located in Bellevue, Washington. [Ex. 1 - Bariault Decl. at ¶¶ 4, 7, 14.] No relevant HTC America documents are located in the Eastern District of Texas. [*Id*. at ¶ 7.] The HTC witnesses and documents are much closer to the Southern and Northern Districts of California than the Eastern District of Texas. Bellevue, which is in the Pacific time zone like San Diego and San Francisco, is much closer to San Diego (approximately 1050 miles away) and San Francisco (approximately 680 miles away) than Marshall (approximately 1,800 miles away). [Exs. 2-4.]

In addition, and as discussed in LG's Motion to Dismiss on page 18, NXP Semiconductor's presence in the Southern and Northern Districts of California supports transfer. In its complaint, NFCT specifically alleges the NXP Semiconductor chips are central to alleged infringement of the patents-in-suit. [Complaint at ¶ 3.] Documents and witnesses related to the NXP Semiconductor chips at issue are located at NXP Semiconductor's U.S. headquarters in San Jose. [LG's Motion to Dismiss, ex. 19 at ¶ 2.] A likely NXP Semiconductor witness with relevant documents is Jeff Miles, and he lives in Cardiff, California in the Southern District of California. [*Id.*, ex. 19 at ¶ 3.] Documents (and witnesses) related to the NXP Semiconductor chips in the accused HTC America products are located in California, and this supports transfer to either the Southern or Northern Districts of California.

NFCT, on the other hand, has no relevant documents in the Eastern District of Texas. Three weeks before it filed this suit, NFCT did not exist. It was incorporated just sixteen days before it filed this lawsuit. [*Id.*, ex. 1.] NFCT is owned by France Brevets, which is a French company located in Paris, so its documents and witnesses would likely be located across the Atlantic. [*Id.*, ex. 2.] The original owner of the patents-in-suit is the French company Inside Secure, and its documents and witnesses are likewise likely located in France. [*Id.*, exs. 7 and 8.]

Finally, all of the named inventors for the patents-in-suit reside in France. [*Id.*, exs. 3-5; *see also id.* at pgs. 19-20.

This factor strongly favors transfer.

### 4. Availability of compulsory process

Both the Southern and Northern Districts of California's ability to compel testimony through subpoenas favors transfer. The Southern District of California can compel the testimony of the head of NXP Semiconductor's near field communications business Jeff Miles. [*Id.*, ex. 19 at ¶ 3.] A number of potential NXP Semiconductor witnesses are located at its headquarters in San Jose, and these witnesses are subject to compulsory process of the Northern District of California. [*Id.*, ex. 19 at ¶ 2.] On the flip side, there are no known third party witnesses in the Eastern District of Texas and the Court's subpoena power will not extend to those NXP witnesses located in California. This factor favors transfer.

### 5. Cost of attendance for willing witnesses

One of the most important factors is the cost of attendance for witnesses, both party and nonparty witnesses. *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (*per curiam*) (*Volkswagen I*). The Fifth Circuit applies a 100-mile rule to assist the analysis of this factor. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance traveled." *Id*. at 204-205; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). The greater distance witnesses have to travel for trial, the greater their expense and the longer they will be away from home and employment. *Id*. Here, both the Southern and Northern Districts of California are more than 100 miles from Marshall.

As discussed above, none of the HTC America witnesses in this case work or reside in the Eastern District of Texas; they all work and reside in the state of Washington. [Ex. 1 -

8

Bariault Decl. at ¶ 14.] More specifically, the HTC America witnesses who would testify on the issues of how HTC America designs, markets, distributes, and sells the accused mobile phones all live and work in or near Bellevue, Washington. [*Id*.] Bellevue is approximately 1,050 miles to San Diego, and it is approximately 680 miles to San Francisco. [Exs. 2 and 3.] Bellevue, however, is over 1,800 miles to Marshall, Texas. [Ex. 4.] Both the Southern and Northern Districts are significantly more convenient to HTC America than the Eastern District of Texas based on these distances alone. *In re TS Tech*, 551 F.3d at 1320 (district court's failure to "considerably weight" the additional 900 miles witnesses need to travel to attend trial in the Eastern District of Texas is clear error).

Trial in the Eastern District of Texas as opposed to the Southern or Northern Districts of California is also inconvenient to HTC America because of the flight options to these venues. There are several nonstop flights daily between Seattle and both San Diego and San Francisco. [Ex. 1 - Bariault Decl. at ¶ 15.] These flights are approximately two and half and two hours respectively. [*Id*.] There are no nonstop flights between Seattle and Marshall or Shreveport, and the travel time to Marshall from Seattle is approximately four hours more than the travel time to either San Diego or San Francisco. [*Id*.] *See, e.g., Ventroniks Sys., LLC v. Drager Med. GmbH*, No. 6:10-cv-582-LED, slip op. at *8 (E.D. Tex. Oct. 20, 2011) (Dkt. No. 156) (*citing In re Volkswagen I*, 371 F.3d at 204, n.3) (availability of direct flights relevant to the convenience analysis). In addition, San Diego and San Francisco are in the same time zone as Bellevue, while Marshall is the central time zone, which is two hours ahead. This two hour difference makes it more difficult for HTC America witnesses to do their work and communicate with their colleagues. This extra travel time to Marshall, the need to connect flights to get to Marshall, and the different time zones would impose significant burdens on HTC America witnesses. [Ex. 1 -

Bariault Decl. at ¶ 15.]

As discussed in LG's Motion to Dismiss on page 22, it is also significantly more convenient for NXP Semiconductor witnesses to travel to trial in either the Southern or Northern Districts of California, as likely witnesses reside and work in San Diego or San Jose. NXP Semiconductor witnesses would have to travel an extra 1000 miles if trial were in Marshall, as opposed to the Southern or Northern Districts of California. [LG's Motion to Dismiss, Exs. 11 and 12.] Inconvenience to third party NXP Semiconductor supports transfer.

In summary, all of the private interest factors favor the transfer of this case to either the Southern or Northern Districts of California.[2]

### 6. The public factors

HTC America adopts and incorporates herein LG's analysis of the public interest factors on pages 23-25 of its Motion to Dismiss. All of the public interest factors either support the transfer of this case or are neutral.

### IV. CONCLUSION

For the reasons set forth above and in LG's motion to dismiss [D.I. 12], HTC America respectfully requests the Court dismiss this case, or in the alternative, transfer it in whole or part to either the Southern District of California or the Northern District of California.

---

[2] The other "practical problems" private factor is at most neutral here, as this case has just begun.

Dated:  February 21, 2014             Respectfully submitted,

/s/ Matthew C. Bernstein
Matthew C. Bernstein
Lead Attorney
CA State Bar No. 199240
mbernstein@perkinscoie.com
Thomas N. Millikan *(Pro Hac Vice Pending)*
CA State Bar No. 234430
tmillikan@perkinscoie.com
Ryan B. Hawkins *(Pro Hac Vice Pending)*
CA State Bar No. 256146
rhawkins@perkinscoie.com
Miguel J. Bombach *(Pro Hac Vice Pending)*
CA State Bar No. 274287
mbombach@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-3334
Tel: 858-720-5700
Fax: 858-720-5799

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Tel: 903-509-5000
Fax: 903-509-5092

*Attorneys for Defendant*

*HTC America, Inc.*

**CERTIFICATE OF CONFERENCE**

This is to certify that pursuant to Local Rule CV-7(h), counsel has conferred concerning this Motion and the Motion is opposed by Plaintiff NFCT and unopposed by Defendant LG.

/s/ *Matthew C. Bernstein*
Matthew C. Bernstein

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 21, 2014, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Matthew C. Bernstein*
Matthew C. Bernstein