IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **NFC TECHNOLOGY LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**HTC AMERICA, INC., LG ELECTRONICS USA, INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC. d/b/a LG MOBILE PHONES,**<br><br>Defendants. | **CIVIL ACTION NO. 2:13-cv1058**<br>The Hon. Rodney Gilstrap<br><br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NFC Technology LLC ("Plaintiff" or "NFC Technology") files this Amended Complaint for patent infringement against Defendants HTC Corporation and HTC America, Inc. (the HTC entities collectively "HTC"), LG Electronics Inc., LG Electronics USA, Inc., and LG Electronics MobileComm U.S.A., Inc. d/b/a LG Mobile Phones (the LG entities collectively "LG"), and alleges as follows:

## PARTIES

1. Plaintiff NFC Technology LLC is a Texas corporation with its principal place of business at 100 West Houston, Marshall, Texas 75671.

2. Defendant HTC Corporation is a corporation organized and existing under the laws of Taiwan and maintains its principal place of business at No. 23 Xinghau Road, Taoyuan City, Taoyuan County 330, Taiwan. Upon information and belief, Defendant HTC Corporation, directly or through subsidiaries or intermediaries (including distributors, retailers, and others),

makes and ships, distributes, offers for sale, sells, and advertises its mobile communication devices into and within the United States.

3.     Defendant HTC America, Inc. is a Washington corporation having its principal place of business at 13920 SE Eastgate Way, Suite 200, Bellevue, Washington 98005. HTC America, Inc. has been authorized to do business in the State of Texas by the Texas Secretary of State. Furthermore, HTC America, Inc. has designated National Registered Agents, Inc., 350 N. St. Paul Street, Suite 2900 Dallas, TX 75201-4234 USA, as its representative to accept service of process within the State of Texas.  Upon information and belief, Defendant HTC America performs several services to support the importation and sale of mobile communication devices into and within the United States, including marketing, repair, and after-sale services of mobile communication devices.

4.     HTC is making, using, selling, importing, and/or offering for sale mobile phones and/or other devices, having NXP Semiconductors chips and other components with Near Field Communication (NFC) capability, including but not limited to the HTC Amaze 4G, HTC EVO 4G LTE, HTC First, HTC One LTE, HTC One SV, HTC One VX, HTC One X, HTC One X+, HTC One XC, HTC ONE XL, HTC Droid DNA, and HTC Droid Incredible 4G LTE ("HTC NFC Products").

5.     HTC is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling, importing, and/or offering for sale HTC NFC Products that infringe the patent claims involved in this action or by transacting other business in this District.

6.     Defendant LG Electronics Inc. is a corporation organized and existing under the laws of Korea with a principal place of business at 20 Yeouido-dong, Yeongdeungpo-Gu, Seoul 150-721, Republic of Korea.  Upon information and belief, Defendant LG Electronics Inc.,

directly or through subsidiaries or intermediaries (including distributors, retailers, and others), makes and ships, distributes, offers for sale, sells, and advertises its mobile communication devices into and within the United States.

7. Defendant LG Electronics USA, Inc. is a Delaware corporation having its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632. LG Electronics USA, Inc. has been authorized to do business in the State of Texas by the Texas Secretary of State. Furthermore, LG Electronics USA, Inc. has designated United States Corporation Co., 211 E. 7th Street, Suite 620, Austin, TX 78701, as its representative to accept service of process within the State of Texas.

8. Defendant LG Electronics MobileComm U.S.A., Inc. d/b/a LG Mobile Phones is a California corporation with a principal place of business at 10101 Old Grove Road, San Diego, CA 92131. LG Electronics MobileComm U.S.A., Inc. d/b/a LG Mobile Phones has been authorized to do business in the State of Texas by the Texas Secretary of State.  Furthermore, LG Electronics MobileComm U.S.A, Inc. has designated National Registered Agents, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201, as its representative to accept service of process within the State of Texas.

9. LG is making, using, selling, importing, and/or offering for sale mobile phones and/or other devices, having NXP Semiconductors chips and other components with Near Field Communication (NFC) capability, including but not limited to the LG Intuition VS950, LG Optimus 4X HD P880, LG Optimus G E970, LG Optimus G Pro F240L, LG Optimus L5 E610, LG Optimus LTE II LG-F160LV, LG Optimus Vu F100L, LG Viper 4G LTE LS840, LG Escape LG-P870, LG Optimus Elite, LG Spectrum 2, and LG Mach ("LG NFC Products").

10. LG is doing business in the United States and, more particularly, in the Eastern District of Texas by making, using, selling, importing, and/or offering for sale LG NFC Products

that infringe the patent claims involved in this action or by transacting other business in this District.

## JURISDICTION AND VENUE

11. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in the Marshall Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

13. This Court has personal jurisdiction over HTC. HTC has conducted and does conduct business within the State of Texas. HTC, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas. HTC has purposefully and voluntarily placed one or more of its HTC NFC Products into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. The HTC NFC Products have been and continue to be purchased by consumers in the Eastern District of Texas. HTC has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

14. This Court has personal jurisdiction over LG. LG has conducted and does conduct business within the State of Texas. LG, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas. LG has purposefully and voluntarily placed one or more of its LG NFC Products into the stream of commerce with the expectation that they will be purchased by

consumers in the Eastern District of Texas. The LG NFC Products have been and continue to be purchased by consumers in the Eastern District of Texas. LG has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

15. Venue in the Eastern District of Texas is also proper because NFC Technology is organized and governed by the laws of Texas and is subject to taxes in Texas. NFC Technology maintains a registered agent for service of process in Texas and maintains office space in Marshall, Texas.

16. Venue in the Eastern District of Texas is also proper because this District is centrally located to resolve common issues of fact among NFC Technology and Defendants.

17. Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299(a) at least because Defendants' infringing products include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents. In addition, questions of fact common to all of the Defendants will arise in the action, at least because, upon information and belief, Defendants' common acts of including and/or utilizing common NFC chips.

## GENERAL ALLEGATIONS

18. On February 23, 2010, the U.S. patent and Trademark Office duly and legally issued U.S. patent No. 7,665,664 ("the '664 patent") (Exhibit A), entitled "Inductive Coupling Reader Comprising Means for Extracting A Power Supply Voltage," to Bruno Charrat, Michael Martin, and Olivier Carron. NFC Technology is the owner by assignment of the '664 patent.

19. The '664 patent is valid and enforceable.

20. On March 2, 2004, the U.S. patent and Trademark Office duly and legally issued U.S. patent No. 6,700,551 ("the '551 patent") (Exhibit B), entitled "Antenna Signal Amplitude

Modulation Method," to Bruno Charrat. NFC Technology is the owner by assignment of the '551 patent.

21. The '551 patent is valid and enforceable.

22. NFC Technology is the owner of all rights, title, and interest in and to the '664 patent and '551 patent ("the NFC Technology Patents"). NFC Technology possesses all rights to sue and recover for past and future infringement of the NFC Technology Patents.

23. Defendants have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed methods and apparatuses of the NFC Technology Patents through the NFC-capable products they make, use, import, export, sell, and/or offer for sale, including the HTC NFC Products and LG NFC Products.

24. Defendants are aware of the NFC Technology Patents, have knowledge of the infringing nature of their activities, have nevertheless continued their infringing activities, and their infringing activities have been and continue to be willful. HTC was previously provided written and verbal notice of the NFC Technology Patents, as well as HTC's infringement of each such patent. LG was previously provided written and verbal notice of the NFC Technology Patents as well as LG's infringement of each such patent.

25. NFC Technology has been damaged as a result of Defendants' infringing conduct. Defendants are, therefore, liable to NFC Technology in an amount that adequately compensates NFC Technology for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT I

### HTC's Infringement of the '664 patent

26. NFC Technology repeats the allegations set forth in each paragraph above as though fully set forth herein.

27. HTC has been and is now directly infringing the '664 patent by making, using, selling, offering for sale, and importing into the United States HTC NFC Products that practice or embody one or more claims of the '664 patent. For example, the HTC NFC Products embody Claim 13 of the '664 patent. HTC also has been and is now contributing to and/or inducing others, such as end users of such HTC NFC Products, to directly infringe one or more claims of the '664 patent. HTC's actions are in violation of one or more of the provisions of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

28. Also, on information and belief, HTC markets and sells smart phones and other devices including at least the HTC NFC Products. HTC markets and sells its smart phones and devices to customers and potential customers that include, for example, companies in the smart phone industry in the United States in addition to individual customers in the United States. HTC has been marketing and selling its smart phones and other devices while also having knowledge of the '664 patent.

29. In addition, on information and belief, HTC has actively induced and is actively inducing others, such as HTC's customers, to directly infringe the '664 patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). For example, on information and belief, HTC and/or its distributors or representatives have sold or otherwise provided smart phones and other devices—including for example, the HTC NFC Products—to third parties, such as HTC's customers. HTC's customers, on information and belief, have directly infringed and are directly infringing the '664 patent. Moreover, HTC specifically intends for and encourages, its customers to use the '664 patent's technology in violation of the '664 patent. For example, by marketing and selling its smart phones and other devices, HTC has encouraged and is encouraging its customers to use its smart phones and other devices and, thus, to directly infringe

the '664 patent. Furthermore, HTC has had knowledge of the '664 patent prior to, and at least as of the filing of, this Complaint.

30. On information and belief, HTC has also contributed to and is contributing to direct infringement of the '664 patent by third parties, such as HTC's customers, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(c). For example, on information and belief, HTC has contributed to and is contributing to infringement of the '664 patent by selling its customers smart phones and other devices, including for example, the HTC NFC Products—the use of which by HTC's customers has directly infringed and is directly infringing the '664 patent. Furthermore, HTC has had knowledge of the '664 patent prior to, and at least as of the filing of, this Complaint.

31. Despite having knowledge of the '664 patent, HTC has knowingly and willfully made, used, offered for sale, sold, and/or imported products that infringe the '664 patent, such as the HTC NFC Products, and has done so after receiving notice of the '664 patent, and HTC has taken these actions without authorization from NFC Technology.

32. HTC does not have a license or permission to use the claimed subject matter in the '664 patent.

33. NFC Technology has been injured and has been caused significant financial damage as a direct and proximate result of HTC's infringement of the '664 patent.

34. HTC will continue to infringe the '664 patent, and thus cause irreparable injury and damage to NFC Technology unless enjoined by this Court.

35. NFC Technology is entitled to recover from HTC the damages sustained by NFC Technology as a result of HTC's wrongful acts in an amount subject to proof at trial.

## COUNT II

### LG's Infringement of the '664 patent

36.   NFC Technology repeats the allegations set forth in each paragraph above as though fully set forth herein.

37.   LG has been and is now directly infringing the '664 patent by making, using, selling, offering for sale, and importing into the United States LG NFC Products that practice or embody one or more claims of the '664 patent. For example, the LG NFC Products embody Claim 13 of the '664 patent. LG also has been and is now contributing to and/or inducing others, such as end users of such LG NFC Products, to directly infringe one or more claims of the '664 patent. LG's actions are in violation of one or more of the provisions of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

38.   Also, on information and belief, LG markets and sells smart phones and other devices including at least the LG NFC Products. LG markets and sells its smart phones and devices to customers and potential customers that include, for example, companies in the smart phone industry in the United States in addition to individual customers in the United States. LG has been marketing and selling its smart phones and other devices while also having knowledge of the '664 patent.

39.   In addition, on information and belief, LG has actively induced and is actively inducing others, such as LG's customers, to directly infringe the '664 patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). For example, on information and belief, LG and/or its distributors or representatives have sold or otherwise provided smart phones and other devices—including for example, the LG NFC Products—to third parties, such as LG's customers. LG's customers, on information and belief, have directly infringed and are directly infringing the '664 patent. Moreover, LG specifically intends for and encourages its

customers to use the '664 patent's technology in violation of the '664 patent. For example, by marketing and selling its smart phones and other devices, LG has encouraged and is encouraging its customers to use its smart phones and other devices and, thus, to directly infringe the '664 patent. Furthermore, LG has had knowledge of the '664 patent prior to, and at least as of the filing of, this Complaint.

40. Furthermore, on information and belief, LG has also contributed to and is contributing to direct infringement of the '664 patent by third parties, such as LG's customers, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(c). For example, on information and belief, LG has contributed to and is contributing to infringement of the '664 patent by selling its customers smart phones and other devices, including for example, the LG NFC Products—the use of which by LG's customers has directly infringed and is directly infringing the '664 patent. Furthermore, LG has had knowledge of the '664 patent prior to, and at least as of the filing of, this Complaint.

41. Despite having knowledge of the '664 patent, LG has knowingly and willfully made, used, offered for sale, sold, and/or imported products that infringe the '664 patent, such as the LG NFC Products, and has done so after receiving notice of the '664 patent, and LG has taken these actions without authorization from NFC Technology.

42. LG does not have a license or permission to use the claimed subject matter in the '664 patent.

43. NFC Technology has been injured and has been caused significant financial damage as a direct and proximate result of LG's infringement of the '664 patent.

44. LG will continue to infringe the '664 patent, and thus cause irreparable injury and damage to NFC Technology unless enjoined by this Court.

45. NFC Technology is entitled to recover from LG the damages sustained by NFC Technology as a result of LG's wrongful acts in an amount subject to proof at trial.

## COUNT III

### HTC's Infringement of the '551 patent

46. NFC Technology repeats and re-alleges the allegations set forth in each paragraph above as though fully set forth herein.

47. HTC has been and is now directly infringing the '551 patent by making, using, selling, offering for sale, and importing into the United States HTC NFC Products that practice or embody one or more claims of the '551 patent. For example, the HTC NFC Products embody Claim 1 of the '551 patent. HTC also has been and is now contributing to and/or inducing others, such as end users of such HTC NFC Products, to directly infringe one or more claims of the '551 patent. HTC's actions are in violation of one or more of the provisions of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

48. Also, on information and belief, HTC markets and sells smart phones and other devices including at least the HTC NFC Products. HTC markets and sells its smart phones and devices to customers and potential customers that include, for example, companies in the smart phone industry in the United States in addition to individual customers in the United States. HTC has been marketing and selling its smart phones and other devices while also having knowledge of the '551 patent.

49. In addition, on information and belief, HTC has actively induced and is actively inducing others, such as HTC's customers, to directly infringe the '551 patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). For example, on information and belief, HTC and/or its distributors or representatives have sold or otherwise provided smart phones and other devices—including for example, the HTC NFC Products—to third parties, such

as HTC's customers. HTC's customers, on information and belief, have directly infringed and are directly infringing the '551 patent. Moreover, HTC specifically intends for and encourages its customers to use the '551 patent's technology in violation of the '551 patent. For example, by marketing and selling its smart phones and other devices, HTC has encouraged and is encouraging its customers to use its smart phones and other devices and, thus, to directly infringe the '551 patent. Furthermore, HTC has had knowledge of the '551 patent prior to, and at least as of the filing of, this Complaint.

50. Furthermore, on information and belief, HTC has also contributed to and is contributing to direct infringement of the '551 patent by third parties, such as HTC's customers, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(c). For example, on information and belief, HTC has contributed to and is contributing to infringement of the '551 patent by selling its customers smart phones and other devices, including for example, the HTC NFC Products—the use of which by HTC's customers has directly infringed and is directly infringing the '551 patent. Furthermore, HTC has had knowledge of the '551 patent prior to, and at least as of the filing of, this Complaint.

51. Despite having knowledge of the '551 patent, HTC has knowingly and willfully made, used, offered for sale, sold, and/or imported products that infringe the '551 patent, such as the HTC NFC Products, and has done so after receiving notice of the '551 patent, and HTC has taken these actions without authorization from NFC Technology.

52. HTC does not have a license or permission to use the claimed subject matter in the '551 patent.

53. NFC Technology has been injured and has been caused significant financial damage as a direct and proximate result of HTC's infringement of the '551 patent.

54. HTC will continue to infringe the '551 patent, and thus cause irreparable injury and damage to NFC Technology unless enjoined by this Court.

55. NFC Technology is entitled to recover from HTC the damages sustained by NFC Technology as a result of HTC's wrongful acts in an amount subject to proof at trial.

## COUNT IV

### LG's Infringement of the '551 patent

56. NFC Technology repeats and re-alleges the allegations set forth in each paragraph above as though fully set forth herein.

57. LG has been and is now directly infringing the '551 patent by making, using, selling, offering for sale, and importing into the United States LG NFC Products that practice or embody one or more claims of the '551 patent. For example, the LG NFC Products embody Claim 1 of the '551 patent. LG also has been and is now contributing to and/or inducing others, such as end users of such LG NFC Products, to directly infringe one or more claims of the '551 patent. LG's actions are in violation of one or more of the provisions of 35 U.S.C. §§ 271(a), (b), (c), (f), and (g).

58. Also, on information and belief, LG markets and sells smart phones and other devices including at least the LG NFC Products. LG markets and sells its smart phones and devices to customers and potential customers that include, for example, companies in the smart phone industry in the United States in addition to individual customers in the United States. LG has been marketing and selling its smart phones and other devices while also having knowledge of the '551 patent.

59. In addition, on information and belief, LG has actively induced and is actively inducing others, such as LG's customers, to directly infringe the '551 patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). For example, on information

and belief, LG and/or its distributors or representatives have sold or otherwise provided smart phones and other devices—including for example, the LG NFC Products—to third parties, such as LG's customers. LG's customers, on information and belief, have directly infringed and are directly infringing the '551 patent. Moreover, LG specifically intends for and encourages its customers to use the '551 patent's technology in violation of the '551 patent. For example, by marketing and selling its smart phones and other devices, LG has encouraged and is encouraging its customers to use its smart phones and other devices and, thus, to directly infringe the '551 patent. Furthermore, LG has had knowledge of the '551 patent prior to, and at least as of the filing of, this Complaint.

60. Furthermore, on information and belief, LG has also contributed to and is contributing to direct infringement of the '551 patent by third parties, such as LG's customers, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(c). For example, on information and belief, LG has contributed to and is contributing to infringement of the '551 patent by selling its customers smart phones and other devices, including for example, the LG NFC Products—the use of which by LG's customers has directly infringed and is directly infringing the '551 patent. Furthermore, LG has had knowledge of the '551 patent prior to, and at least as of the filing of, this Complaint.

61. Despite having knowledge of the '551 patent, LG has knowingly and willfully made, used, offered for sale, sold, and/or imported products that infringe the '551 patent, such as the LG NFC Products, and has done so after receiving notice of the '551 patent, and LG has taken these actions without authorization from NFC Technology.

62. LG does not have a license or permission to use the claimed subject matter in the '551 patent.

63. NFC Technology has been injured and has been caused significant financial damage as a direct and proximate result of LG's infringement of the '551 patent.

64. LG will continue to infringe the '551 patent, and thus cause irreparable injury and damage to NFC Technology unless enjoined by this Court.

65. NFC Technology is entitled to recover from LG the damages sustained by NFC Technology as a result of LG's wrongful acts in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, NFC Technology requests the following relief:

66. that Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the NFC Technology Patents, or otherwise infringing or contributing to or inducing infringement of any claim of the NFC Technology Patents;

67. a finding that Defendants have directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the NFC Technology Patents;

68. that NFC Technology be awarded its actual damages;

69. that NFC Technology be awarded enhanced damages pursuant to 35 U.S.C. § 284;

70. that NFC Technology be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

71. that the Court order an accounting for damages;

72. that the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award NFC Technology its attorneys' fees;

73. alternatively, that the Court award a compulsory future royalty, in the event that an injunction does not issue;

74. that NFC Technology be awarded costs of court; and

75. that NFC Technology be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, NFC Technology demands a trial by jury on all issues triable of right by a jury.

Dated:  April 14, 2014

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:  /s/ Sam Baxter_____

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

Robert Auchter (PRO HAC VICE)
(D.C. Bar No. 441669)
rauchter@mckoolsmith.com
Benjamin Levi (PRO HAC VICE)
(D.C. Bar No. 1005591)
blevi@mckoolsmith.com
Jeffrey Frey (PRO HAC VICE)
(D.C. Bar No. 472430)
jfrey@mckoolsmith.com
Brandon Jordan
(D.C. Bar No. 985986)
bjordan@mckoolsmith.com

        McKool Smith P.C.
        1999 K Street NW, Suite 600
        Washington, DC 20006
        Telephone: (202) 370-8300
        Fax: (202) 370-8344

        **ATTORNEYS FOR PLAINTIFF**
        **NFC TECHNOLOGY LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 10, 2014.

        /s/ Robert A. Auchter
        Robert A. Auchter