# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| NFC TECHNOLOGY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HTC AMERICA, INC.,<br>LG ELECTRONICS USA, INC,<br>AND LG ELECTRONICS MOBILECOMM<br>U.S.A, INC. d/b/a LG MOBILE PHONES,<br><br>    Defendants. | Civil Action No. 2:13-cv-1058<br>The Hon. Rodney Gilstrap<br><br><br>Jury Trial Demanded |

## ANSWER AND COUNTERCLAIMS OF
## LG ELECTRONICS USA, INC. AND LG ELECTRONICS MOBILECOMM U.S.A, INC. TO
## NFC TECHNOLOGY, LLC'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendants LG Electronics USA, Inc. ("LGEUS") and LG Electronics Mobilecomm U.S.A., Inc. ("LGEMU") (collectively, "LG"), by and through its attorneys, hereby answer the Amended Complaint for Patent Infringement ("Amended Complaint") filed by Plaintiff NFC Technologies, LLC ("NFCT"), and file the Counterclaims enumerated below.  LG denies the allegations and characterizations in NFCT's Complaint unless expressly admitted in the following paragraphs:

### PARTIES

1.      LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and, therefore, denies all such allegations.

2.      LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and, therefore, denies all such allegations.

3.      LG is without knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 3 of the Complaint, and, therefore, denies all such allegations.

4.      LG is without knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 4 of the Complaint, and, therefore, denies all such allegations.

5.      LG is without knowledge or information sufficient to form a belief as to the truth of

the allegations of Paragraph 5 of the Complaint, and, therefore, denies all such allegations.

6.      LG admits that LG Electronics Inc. is a corporation organized under the laws of the

Republic of Korea, with a principal executive office at LG Twin Towers, 20, Yeouido-dong,

Yeongdeungpo-gu, Seoul 150-721, South Korea.  Unless otherwise admitted, LG denies the

remainder of the allegations in this paragraph.

7.      LGEUS admits that it is a corporation organized and existing under the laws of

Delaware with offices at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  LGEUS

further states that it has been authorized to do business in certain states within this country, including

the state of California and the state of Texas.  Unless otherwise admitted, LG denies the remainder

of the allegations in this paragraph.

8.      LGEMU admits that it is a corporation organized and existing under the laws of

California with offices in San Diego, California.  LGEMU further states that it has been authorized

to do business in certain states within this country, including the state of California and the state of

Texas.  Unless otherwise admitted, LG denies the remainder of the allegations in this paragraph.

9.      LGEMU admits that it has offered for sale and sold certain mobile communication

devices, including devices with the brand "Optimus."  LG denies that any LG product infringes any

valid and/or enforceable claim of U.S. patent No. 7,665,664 ("the '664 patent") or U.S. patent No.

6,700,551 ("the '551 patent").  LG denies the remaining allegations of paragraph 9 of the Complaint.

10.     LG denies that it has committed any acts of infringement, in this District or

elsewhere.  Any remaining allegations in Paragraph 10 of the Complaint are either legal conclusions that require no response, or to the extent they require a response, are denied by LG.

### Jurisdiction and Venue

11.    LG admits that this action purports to arise under the Patent Laws of the United States, and that the Court has original jurisdiction over patent infringement actions.  Any remaining allegations in Paragraph 11 of the Complaint are either legal conclusions that require no response, or to the extent they require a response, are denied by LG.

12.    LG admits that the Court has personal jurisdiction over LG, but denies that venue in the Eastern District of Texas is convenient.  Any remaining allegations in Paragraph 12 of the Complaint are either legal conclusions that require no response, or to the extent they require a response, are denied by LG.

13.    LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and, therefore, denies all such allegations.

14.    LG admits that the Court has personal jurisdiction over it, and that it has conducted business in various states, including California and Texas.  LG denies that it has committed any acts of infringement related to the '664 and '551 patents, in this District or elsewhere and, on this basis, denies the remaining allegations of paragraph 14 of the Complaint.

15.    LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and, therefore, denies all such allegations.

16.    LG denies the allegations of Paragraph 16.

17.    LG denies that it has committed any acts of infringement, in this District or elsewhere.  LG also denies that joinder is proper pursuant to 35 U.S.C. § 299(a).  LG is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 of the Complaint, and, therefore, denies all such allegations.

**GENERAL ALLEGATIONS**

18.     LG admits that the '664 patent on its face recites an issue date of February 23, 2010 and bears the title "Inductive Coupling Reader Comprising Means for Extracting A Power Supply Voltage" but denies that the '664 patent was duly and legally issued after full and fair examination. LG also admits that the '664 patent on its face identifies Bruno Charrat, Michael Martin, and Olivier Carron as the purported named inventors.  LG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 18 of the Complaint, and, therefore, denies all such allegations.

19.     LG denies the allegations of Paragraph 19.

20.     LG admits that the '551 patent on its face recites an issue date of March 2, 2004 and bears the title "Antenna Signal Amplitude Modulation Method," but denies the '551 patent was duly and legally issued after full and fair examination.  LG also admits that the '551 patent on its face identifies Bruno Charrat as the sole purported named inventor.  LG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 20 of the Complaint, and, therefore, denies all such allegations.

21.     LG denies the allegations of Paragraph 21.

22.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and, therefore, denies all such allegations.

23.     LG denies that it has committed any acts of infringement related to the '664 and '551 patents, in this District or elsewhere.  LG is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 23 of the Complaint, and, therefore, denies all such allegations.

24.     LG denies that it has committed any acts of infringement related to the '664 and '551 patents, in this District or elsewhere.  LG also denies that plaintiff NFC Technology, LLC has provided LG with written and verbal notice of the Asserted Patents and plaintiff's infringement allegations.  LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Complaint, and, therefore, denies all such allegations.

25.     LG denies the allegations of Paragraph 25.

## COUNT I

### HTC'S Infringement of the '664 patent

LG specifically denies any allegations or characterizations embodied in the headings.

26.     LG restates and incorporates by reference its responses to Paragraphs 1-25 of the Complaint.

27.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and, therefore, denies all such allegations.

28.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and, therefore, denies all such allegations.

29.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and, therefore, denies all such allegations.

30.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and, therefore, denies all such allegations.

31.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and, therefore, denies all such allegations.

32.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and, therefore, denies all such allegations.

33.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint, and, therefore, denies all such allegations.

34.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, and, therefore, denies all such allegations.

35.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint, and, therefore, denies all such allegations.

## COUNT II

### LG's Infringement of the '664 patent

LG specifically denies any allegations or characterizations embodied in the headings.

36.     LG restates and incorporates by reference its responses to Paragraphs 1-35 of the Complaint.

37.     LG denies the allegations of Paragraph 37.

38.     LGEMU admits that it has offered for sale and sold certain mobile communication devices, including devices with the brand "Optimus."  LG denies all remaining allegations of Paragraph 38.

39.     LG denies the allegations of Paragraph 39.

40.     LG denies the allegations of Paragraph 40.

41.     LG denies the allegations of Paragraph 41.

42.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint, and, therefore, denies all such allegations.

43.     LG denies the allegations of Paragraph 43.

44.     LG denies the allegations of Paragraph 44.

45.     LG denies the allegations of Paragraph 45.

## COUNT III

### HTC'S Infringement of the '551 patent

LG specifically denies any allegations or characterizations embodied in the headings.

46.     LG restates and incorporates by reference its responses to Paragraphs 1-45 of the Complaint.

47.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and, therefore, denies all such allegations.

48.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint, and, therefore, denies all such allegations.

49.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and, therefore, denies all such allegations.

50.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint, and, therefore, denies all such allegations.

51.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, and, therefore, denies all such allegations.

52.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint, and, therefore, denies all such allegations.

53.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint, and, therefore, denies all such allegations.

54.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint, and, therefore, denies all such allegations.

55.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint, and, therefore, denies all such allegations.

## COUNT IV

### LG's Infringement of the '551 patent

LG specifically denies any allegations or characterizations embodied in the headings.

56.     LG restates and incorporates by reference its responses to Paragraphs 1-55 of the Complaint.

57.     LG denies the allegations of Paragraph 57.

58.     LGEMU admits that it has offered for sale and sold certain mobile communication devices, including devices with the brand "Optimus."  LG denies all remaining allegations of Paragraph 58.

59.     LG denies the allegations of Paragraph 59.

60.     LG denies the allegations of Paragraph 60.

61.     LG denies the allegations of Paragraph 61.

62.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint, and, therefore, denies all such allegations.

63.     LG denies the allegations of Paragraph 63.

64.     LG denies the allegations of Paragraph 64.

65.     LG denies the allegations of Paragraph 65.

### Response to NFCT's Prayer for Relief

LG denies the underlying allegations of NFCT's prayer for relief against LG set forth in Paragraphs 66-75, denies that NFCT is entitled to any relief whatsoever, and requests that the Court deny all relief to NFCT and enter judgment in favor of LG.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, LG denies them.

## Jury Demand

NFCT's demand for a trial by jury does not require a response by LG.

## ADDITIONAL DEFENSES

LG asserts the following Additional Defenses in response to NFCT's Complaint and NFCT's assertion of infringement of the '664 and '551 patents (individually and collectively, "the Asserted Patents").  LG reserves its right to amend its Answer to add more Additional Defenses, including instances of inequitable conduct, as they become known throughout the course of discovery in this case.  Assertion of a defense is not a concession that LG has the burden of proving the matter asserted.

## FIRST ADDITIONAL DEFENSE

76.     LG has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## SECOND ADDITIONAL DEFENSE

77.     The claims of the Asserted Patents are invalid and/or unenforceable at least because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD ADDITIONAL DEFENSE

78.     NFCT's claims for relief are statutorily limited in whole or in part by Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 286 and/or 287.

## FOURTH ADDITIONAL DEFENSE

79.     NFCT's claims that LG indirectly infringes the Asserted Patents, either contributorily or by inducement, are barred, in whole or in part, because LG is not liable to NFCT for the allegedly infringing acts for any time periods during which LG did not know of the Asserted Patents and/or did not have the specific intent to cause infringement of the Asserted Patents and/or otherwise did not know that their actions would constitute indirect infringement.  In addition, any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the infringement of the claims of the NFCT Patent

## FIFTH ADDITIONAL DEFENSE

80.     NFCT's claims are barred, in whole or in part, by an express or implied license, and/or by the equitable doctrines of laches, waiver, acquiescence, patent misuse, estoppel and/or the doctrine of patent exhaustion.

## SIXTH ADDITIONAL DEFENSE

81.     NFCT's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Asserted Patents before the United States Patent and Trademark Office.

## SEVENTH ADDITIONAL DEFENSE

82.     NFCT's claims for injunctive relief are barred because there exist adequate remedies at law and because NFCT's claims otherwise fail to meet the requirements for such relief.

## EIGHTH ADDITIONAL DEFENSE

83.     NFCT has failed to state a claim for which relief can be granted.

## NINTH ADDITIONAL DEFENSE

84.     NFCT's Complaint does not, with respect to the named defendants, allege any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, or any common question of law or fact.

## TENTH ADDITIONAL DEFENSE

85.     35 U.S.C. § 288 bars NFCT from recovering costs associated with this action.

## ELEVENTH ADDITIONAL DEFENSE

86.     NFCT has alleged that LG's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Amended Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  LG disagrees with, and denies, that the Asserted Patents are standard essential.

87.     To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, then NFCT is barred from asserting the Asserted Patents by the equitable doctrine of patent misuse.

88.     NFC standards are promulgated by relevant standards-setting organizations ("SSOs"), such as the NFC Forum, Inc. ("NFC Forum").  SSOs, such as the NFC Forum, put in place Intellectual Property Rights Policies ("IPR Policies") that require each SSO member to identify all patents held by any member that may be essential to compliance with a proposed technology standard.  The IPR Policies further require that each SSO member must state whether it will license such patents on fair, reasonable and non-discriminatory ("FRAND" or "RAND") terms or without compensation.

89.     On information and belief, prior to the institution of this action and during relevant time periods, Inside Secure S.A. ("Inside Secure") and its predecessors-in-interest were members of various SSOs, including the NFC Forum.  As a member of these SSOs, including the NFC Forum, Inside Secure participated in standards-setting activities within these SSOs, including the NFC Forum.

90.     Prior to the institution of this action, and during relevant time periods, LG Electronics Inc. ("LGE"), directly or through one of its affiliates, was a member of various relevant SSOs, including the NFC Forum.

91.     On information and belief, prior to the institution of this action and during relevant time periods, NXP Semiconductors N.V. ("NXP"), directly or through one of its affiliates, was a member of various relevant SSOs, including the NFC Forum.

92.     On information and belief, Inside Secure assigned to NFCT its rights to the Asserted Patents subject to Inside Secure's obligations to SSOs, including the NFC Forum.

93.     SSOs, like the NFC Forum, are responsible for the standardization of information and communication technologies for the benefit of its members and third parties.  SSOs, like the NFC Forum, have developed IPR Policies designed to mitigate the risk of anticompetitive acts by IPR owners seeking to hold-up or exploit the standard-setting process.  In the absence of FRAND/free licensing obligations, an IPR owner might knowingly watch its patented technology become incorporated into a standard, then demand unreasonable license fees or even refuse to license altogether and seek injunctive relief against any party that implements the standard (and correspondingly, its patented technology).  SSO IPR Policies are designed to obtain FRAND/free licensing obligations from IPR owners to ensure that IPR owners will not use their IPR to extract

unreasonable license fees or to exclude any market participant that is willing to accept a license for use of the IPR on FRAND terms and conditions or without compensation to the IPR owner.

94.     By way of examples only and without excluding other relevant SSOs, the NFC Forum's IPR Policy, as approved on November 9, 2004, requires its members to declare all essential IPR in a timely manner.  Clause 1.2 provides that "[a]ll Member and all Representatives are subject to this IPR Policy and the Rules of Procedure."  Clause 2 of the NFC Forum's IPR Policy further defines IPR to mean "claims in patents and patent applications and copyrights, but excludes trademarks and trade secrets."  Therefore, market participants have a reasonable expectation that all potentially essential patents or patent applications will be disclosed to the NFC Forum.  Clause 3 of the NFC Forum's IPR Policy governs the availability of licenses to essential IPRs, stating that each Submitter, Participant, and Member "will license all of its Controlled Necessary Claims inherent in the Draft Specification on an irrevocable, non-exclusive and worldwide basis, without compensation and otherwise on a RAND basis, to all Implementers solely for the purpose of implementing such approved Specification or any part thereof and subject to Reciprocity."  New Members must accept the same undertaking for "all then-existing Specification(s)."  Clause 3.6 of the NFC Forum's IPR Policy states that, if an IPR owner refuses the commitment to license on FRAND terms or without compensation, the NFC Forum will select an alternative technology to incorporate into the standard. Other SSOs, such as the European Telecommunications Standards Institute (ETSI), have adopted similar IPR policy provisions.

95.     On information and belief, Inside Secure has explicitly made declarations to SSOs, like the NFC Forum, related to the Asserted Patents, and has undertaken to grant irrevocable licenses under the SSO's IPRs on terms and conditions which are in accordance with the SSO's IPR Policy, i.e., without compensation or on FRAND terms.

96.     On information and belief, because Inside Secure declared the Asserted Patents in accordance with SSO procedures and correspondingly committed to licensing such patents without compensation or on FRAND terms, and because NFCT acquired the Asserted Patents subject to Inside Secure's obligations, the equitable doctrine of patent misuse bars NFCT's present claims inasmuch as NFCT seeks to enjoin LG from practicing the relevant standard or to extract excessive damages from LG.

### TWELFTH ADDITIONAL DEFENSE

97.     LG incorporates the allegations set forth in paragraphs 86-94, above.  On information and belief, subject to further discovery, and in the alternative, Inside Secure failed to disclose the Asserted Patents to relevant SSOs, including the NFC Forum, in violation of its duties to these SSOs to disclose relevant patents.  This failure to disclose the Asserted Patents is a breach of the duties owed to these SSOs and their members.

98.     As a result, members of these standards setting organizations and others, including LG and chip manufacturers like NXP, have invested financial resources and expended great effort to develop and/or market products that operate in accordance with portions of certain standards established by certain SSOs, such as the NFC Forum.

99.     Inside Secure, and therefore NFCT, has waived, or acquiesced with respect to, any rights it may have had to enforce the Asserted Patents against manufacturers, sellers, and/or purchasers, including LG and NXP, of products which operate in accordance with portions of certain standards established by certain SSOs, such as the NFC Forum.

### THIRTEENTH ADDITIONAL DEFENSE

100.    NFCT has alleged that LG's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in

infringement of the Asserted patents." (Amended Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  LG disagrees with, and denies, that the Asserted Patents are standard essential.

101.    To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, LG incorporates the allegations set forth in paragraphs 86-96, above.  In light of these facts, NFCT's claims are barred in whole or in part pursuant to actual licenses or under the doctrine of implied license.

102.    In the alternative and on information and belief, LG incorporates the allegations set forth in paragraphs 86-94 and 97-99, above.  In light of these facts, NFCT's claims are barred in whole or in part pursuant to actual licenses or under the doctrine of implied license.

## FOURTEENTH ADDITIONAL DEFENSE

103.    NFCT has alleged that LG's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Amended Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  LG disagrees with, and denies, that the Asserted Patents are standard essential.

104.    To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, LG incorporates the allegations set forth in paragraphs 86-96, above.  In light of these facts, the Asserted Patents are void and unenforceable by reason of the equitable doctrine of unclean hands based, among other things, on Inside Secure's and NFCT's failure to comply with the rules and obligations of various SSOs, including the NFC Forum.

105.    In the alternative and on information and belief, LG incorporates the allegations set forth in paragraphs 86-94 and 97-99, above.  In light of these facts, the Asserted Patents are void and

unenforceable by reason of the equitable doctrine of unclean hands based, among other things, on Inside Secure's and NFCT's failure to comply with the rules and obligations of various SSOs, including the NFC Forum.

## FIFTEENTH ADDITIONAL DEFENSE

106.     NFCT has alleged that LG's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Amended Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  LG disagrees with, and denies, that the Asserted Patents are standard essential.

107.     To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, LG incorporates the allegations set forth in paragraphs 86-96, above.  In light of these facts, NFCT's claims are barred in whole or in part based on equitable and/or promissory estoppel based on its failure to comply with promises made to SSOs, including the NFC Forum, and manufacturers of products compliant with NFC standards.

108.     In the alternative and on information and belief, LG incorporates the allegations set forth in paragraphs 86-94 and 97-99, above.  In light of these facts, NFCT's claims are barred in whole or in part based on equitable and/or promissory estoppel based on its failure to comply with promises made to SSOs, including the NFC Forum, and manufacturers of products compliant with NFC standards.

## SIXTEENTH ADDITIONAL DEFENSE

109.     NFCT has alleged that LG's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Amended Complaint at ¶ 15.)  By this allegation, NFCT

appears to suggest that the Asserted Patents are necessary to certain NFC standards.  LG disagrees with, and denies, that the Asserted Patents are standard essential.

110.    To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, LG incorporates the allegations set forth in paragraphs 86-96, above.  In light of these facts, NFCT's claims are barred in whole or in part because Inside Secure, and thus NFCT, knowingly waived its right to seek relief injunctive, monetary damages, and/or non-FRAND monetary damages through the commitments made to SSOs, including the NFC Forum.

111.    In the alternative and on information and belief, LG incorporates the allegations set forth in paragraphs 86-94 and 97-99, above.  In light of these facts, NFCT's claims are barred in whole or in part because Inside Secure, and thus NFCT, knowingly waived its right to seek relief injunctive, monetary damages, and/or non-FRAND monetary damages through the commitments made to SSOs, including the NFC Forum.

## SEVENTEENTH ADDITIONAL DEFENSE

112.    NFCT's claims are barred in whole or in part by laches, waiver and/or estoppel.

113.    On information and belief, NFCT and the assignors of the Asserted Patents (including Inside Secure) have been aware for many years that LG, NXP, and others were developing, and/or selling products that operate in accordance with certain portions of certain relevant NFC standards.

114.    NFCT and the assignors of the Asserted Patents (including Inside Secure) have inexcusably and unreasonably delayed in bringing a patent infringement action against LG.  Their delay has economically and/or evidentially resulted in material prejudice to LG.

## EIGHTEENTH ADDITIONAL DEFENSE

115.    NFCT has alleged that LG's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in

infringement of the Asserted patents." (Amended Complaint at ¶ 15.)  By this allegation, NFCT

appears to suggest that the Asserted Patents are necessary to certain NFC standards.  LG disagrees

with, and denies, that the Asserted Patents are standard essential.

116.    To the extent that NFCT asserts that the Asserted Patents are standard essential and

on information and belief, LG incorporates the allegations set forth in paragraphs 86-96, above.  In

light of these facts, NFCT lacks standing as to its claims relating to some or all of the Asserted

Patents.  NFCT is precluded from obtaining injunctive or other exclusionary relief because it failed

to comply with its commitments to SSOs, including the NFC Forum, that it would license its

declared-essential patents on FRAND terms to willing licensees, such as LG here.  NFCT lacks

standing because it has not offered LG a license without compensation/on FRAND terms or

negotiated in good faith to offer LG such a FRAND/free license in violation of Inside Secure's

representations and obligations to SSOs, including the NFC Forum.


## LG'S COUNTERCLAIMS FOR DECLARATORY RELIEF

LG, for its counterclaims against NFCT, states and alleges as follows:

## NATURE OF THE ACTION

1.    These counterclaims seek declaratory judgment respecting the patents asserted by

NFCT in this action.  LG seeks judgment under the patent laws of the United States, 35 U.S.C. § 1 *et

seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

## PARTIES

2.    LG Electronics USA, Inc. is a Delaware corporation having its principal place of

business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632.  LG Electronics Mobilecomm

U.S.A., Inc. is a California corporation with a principal place of business at 10225 Willow Creek

Road, San Diego, CA 92131.  LG Electronics USA, Inc. and LG Electronics Mobilecomm U.S.A., Inc. are collectively referred to herein as "LG."

3.      On information and belief based on Paragraph 1 of the Amended Complaint as pled by Plaintiff NFC Technology, LLC ("NFCT"), NFCT is a Texas corporation with its principal place of business at 100 West Houston, Marshall, Texas 75671.

4.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

5.      NFCT has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      By virtue of its filing this action, NFCT has also consented that venue is permissible in this District pursuant to at least 28 U.S.C. § 1391(c) and § 1400.  By asserting these counterclaims, LG does not waive, and instead expressly preserves, its objections to venue with respect to NFCT's Amended Complaint in this action.  *See Rates Tech., Inc. v. Nortel Networks Corp.*, 399 F.3d 1302 (Fed. Cir. 2005).

7.      NFCT, based on averments in its Amended Complaint, claims to be the present assignee of U.S. Patent Nos. 7,665,664 and 6,700,551 (individually and collectively, "the Asserted Patents") and claims to hold the right to pursue and collect damages for past and present infringement thereof.  NFCT also claims that LG has infringed the Asserted Patents.  On information and belief, NFCT has never made any product or system, or otherwise practiced, the claims of the Asserted Patents.

**COUNTERCLAIM COUNT I**
**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT**

8.      LG incorporates by reference the allegations of Paragraphs 1-7 of its Counterclaims.

**LG'S ANSWER AND COUNTERCLAIMS TO NFC'S COMPLAINT -**                    19

9.      Based on NFCT's filing of this action and at least LG's First, Second, and Fourth

Additional Defenses, an actual controversy has arisen and now exists between the parties as to

whether or not LG has infringed the Asserted Patents.

10.     LG has not and is not now infringing any claim of the Asserted Patents under any

theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by

inducement)).

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., LG

requests a declaration by the Court that LG has not infringed, and does not infringe, any valid and

enforceable claim of the Asserted Patents, whether directly, indirectly, individually, jointly,

contributorily, and/or by inducement.  LG does not have an adequate remedy at law.

## COUNTERCLAIM COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY

12.     LG incorporates by reference the allegations of Paragraphs 1-11 of its Counterclaims.

13.     Based on NFCT's filing of this action and at least LG's Second Additional Defense,

an actual controversy has arisen and now exists between the parties as to the validity of the claims of

the Asserted Patents.

14.     The asserted claims of the Asserted Patents are invalid because the alleged inventions

fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101,

102, 103, and/or 112.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and Title

35 of the United States Code, LG requests a declaration by the Court that the Asserted Patents are

invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq.,

including, without limitation, §§ 101, 102, 103, and/or 112.  LG does not have an adequate remedy

at law.

## COUNTERCLAIM COUNT III
### BREACH OF CONTRACT

16.     LG incorporates the allegations set forth in Paragraphs 1-15 of its Counterclaims, and paragraphs 86-96 of the Complaint.

17.     NFCT has alleged that LG's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Amended Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  LG disagrees with, and denies, that the Asserted Patents are standard essential.

18.     To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, then by committing to license without compensation or on FRAND terms the Asserted Patents, Inside Secure, and thus NFCT, entered into contractual commitments with the relevant SSOs, including the NFC Forum.  Parties implementing the standards are intended third party beneficiaries of these contractual commitments and are entitled to enforce benefits of those contractual commitments.

19.     As a result of its breaches, Inside Secure, and thus NFCT, has injured LG including its business or property.  LG has also been forced to expend resources resolving this licensing dispute and has suffered or faces the threat of, in particular, increased costs, loss of profits, loss of customers and potential customers, loss of goodwill and product image, uncertainty in business planning, uncertainty among customs and potential customers, and injunction or exclusion order.

20.     For at least the reasons detailed in the prior paragraphs, LG is entitled to an order compelling specific performance of Inside Secure's obligations to the SSOs, including the NFC Forum.  For avoidance of doubt, LG is not seeking any monetary damages on account of Inside Secure's breach of its obligations to the SSOs.

## COUNTERCLAIM COUNT IV
## PROMISSORY ESTOPPEL

21.     LG incorporates the allegations set forth in Paragraphs 1-15 of its Counterclaims, and paragraphs 86-96 of the Complaint.

22.     NFCT has alleged that LG's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Amended Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  LG disagrees with, and denies, that the Asserted Patents are standard essential.

23.     To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, then Inside Secure, and thus NFCT, made clear and definite promises to potential licensees through its commitments to the relevant SSOs, including the NFC Forum, that it would license patents deemed essential to the NFC standards without compensation or on FRAND terms.

24.     It was foreseeable to Inside Secure, and thus NFCT, that LG would rely on this promise to license without compensation or on FRAND terms.  The intended purpose of Inside Secure's promises was to induce reliance.  It knew or should have reasonably expected that those promises would induce others to implement the NFC standard.

25.     LG marketed its products and services in reliance on these promises, as described above, including making its products and services compliant with the NFC standard.

26.     Thus, NFCT is estopped from breaking its promise to license the patents it has declared as essential to LG without compensation or on FRAND terms by the doctrine of promissory estoppel.

27.     LG has been harmed as a result of its foreseeable and reasonable reliance on Inside Secure's promises.  LG has been forced to expend resources resolving this licensing dispute, and is threatened by the loss of profits, loss of customers and potential customers, loss of goodwill and product image, uncertainty in business planning, and uncertainty among customers and potential customers.

## PRAYER FOR RELIEF

WHEREFORE, LG respectfully request that this Court enter judgment in LG's favor against NFCT and issue an order that includes:

A.     A declaration that LG has not infringed, and does not infringe, either directly, indirectly, or otherwise, any valid and enforceable claim of the Asserted Patents;

B.     A declaration that the claims of the Asserted Patents are invalid;

C.     Judgment against NFCT and in favor of LG;

D.     A declaration that NFCT take nothing by its Complaint;

E.     Denial of NFCT's request for injunctive relief;

F.     Dismissal of NFCT's Complaint with prejudice;

G.     A declaration that this case is exceptional and an award to LG of its costs, expenses, and reasonable attorneys' fees incurred in this action; and

H.     Further relief as the Court may deem just and proper.

## JURY DEMAND

LG hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated:  April 28, 2014

By:   /s/ Melissa  Smith
　　　Melissa Smith
　　　SBN 24001351
　　　Gillam & Smith LLP
　　　303 South Washington Avenue
　　　Marshall, Texas 75670
　　　Telephone: 903-934-8450
　　　Fax: 903-934-9257
　　　melissa@gillamsmithlaw.com

　　　Michael J. McKeon
　　　D.C. Bar No. 459780
　　　mckeon@fr.com
　　　Christian A. Chu (*Pro Hac Vice*)
　　　CA Bar No. 218336
　　　chu@fr.com
　　　Scott A. Elengold (*Pro Hac Vice*)
　　　D.C. Bar No. 976559
　　　elengold@fr.com
　　　FISH & RICHARDSON P.C.
　　　1425 K Street, N.W., 11th Floor
　　　Washington, D.C. 20005
　　　Telephone: (202) 783-5070
　　　Facsimile: (202) 783-2331
　　　mckeon@fr.com

　　　Attorneys for Defendants
　　　LG ELECTRONICS USA, INC. and
　　　LG ELECTRONICS MOBILECOMM U.S.A.,
　　　INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record who are deemed to have consented to electronic

service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


 *s/ Melissa Smith*