**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **NFC TECHNOLOGY LLC,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**HTC AMERICA, INC., LG ELECTRONICS USA, INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC. d/b/a LG MOBILE PHONES,**<br><br>        **Defendants.** | §§§§§§§§§§§§§§§§§<br><br>**Civil Action No. 2:13-cv-1058**<br>**The Hon. Rodney Gilstrap**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF NFC TECHNOLOGY LLC'S ANSWER TO THE COUNTERCLAIMS OF DEFENDANTS LG ELECTRONICS USA, INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC. D/B/A LG MOBILE PHONES FILED APRIL 28, 2014**

Plaintiff NFC Technology LLC ("NFCT"), files this Answer to the Counterclaims for Declaratory Relief filed on April 28, 2014 by Defendants LG Electronics USA, Inc. and LG Electronics Mobilecomm USA, Inc. d/b/a LG Mobile Phones (Collectively, "LG") in their Answer to NFC Technology LLC's Amended Complaint:

**NATURE OF THE ACTION**

1.      To the extent that any response to Paragraph 1 of the Counterclaims is required, NFCT denies that it has violated any law with respect to the Asserted Patents, that LG is entitled to any of the requested relief, including damages, and requests that the Court deny the relief requested by LG.

## PARTIES

2. Upon information and belief, NFCT admits the allegations in Paragraph 2 of the Counterclaims.

3. NFCT admits the allegations in Paragraph 3 of the Counterclaims.

4. NFCT admits that this Court has subject matter jurisdiction over Patent-related counterclaims of non-infringement and invalidity pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-2. NFCT denies that this Court has subject matter jurisdiction over the remaining counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-2.

5. NFCT admits the allegations in Paragraph 5 of the Counterclaims.

6. NFCT admits that venue is permissible in this District.  NFCT admits that LG asserts that LG has expressly preserved and not waived LG's objections to venue by asserting counterclaims.

7. NFCT admits the allegations in Paragraph 7 of the Counterclaims.

## COUNTERCLAIM COUNT I
### Declaratory Judgment of Non-Infringement

8. Answering the allegations in Paragraph 8 of the Counterclaims, NFCT incorporates by reference paragraphs 1- 7 above as if fully set forth herein.

9. NFCT admits that there exists an actual and justiciable controversy between LG and NFCT regarding the infringement of the Asserted Patents based on NFCT's filing of this action.  NFCT otherwise denies the allegations in Paragraph 9 of the Counterclaims.

10. NFCT denies the allegations in Paragraph 10 of the Counterclaims.

11. NFCT admits that this counterclaim seeks declaratory relief but otherwise denies the allegations in Paragraph 11 of the Counterclaims.

## COUNTERCLAIM COUNT II
### Declaratory Judgment of Invalidity

12. Answering the allegations in Paragraph 12 of the Counterclaims, NFCT incorporates by reference paragraphs 1-11 above as if fully set forth herein.

13. NFCT admits that there exists an actual and justiciable controversy between LG and NFCT regarding the validity of the Asserted Patents based on NFCT's filing of this action. NFCT otherwise denies the allegations in Paragraph 13 of the Counterclaims.

14. NFCT denies the allegations in Paragraph 14 of the Counterclaims.

15. NFCT admits that this counterclaim seeks declaratory relief but otherwise denies the allegations in Paragraph 15 of the Counterclaims.

## COUNTERCLAIM COUNT III
### Breach of Contract

16. Answering the allegations in Paragraph 16 of the Counterclaims, NFCT incorporates by reference paragraphs 1-15 above as if fully set forth herein and, to the extent understood, NFCT denies the remaining allegations of Paragraph 16 of the Counterclaims as the Complaint does not have paragraphs numbered 86 – 96.

17. NFCT admits that Paragraph 15 of the Amended Complaint reads as quoted by LG and that LG denies that the Asserted Patents are standard essential. NFCT denies the remaining allegations of Paragraph 17 of the Counterclaims.

18. NFCT denies the allegations in Paragraph 18 of the Counterclaims.

19. NFCT denies the allegations in Paragraph 19 of the Counterclaims.

20. NFCT denies the allegations in Paragraph 20 of the Counterclaims, except that NFCT accepts LG's averment that LG is not seeking any monetary damages on account of any alleged breach of non-party Inside Secure's alleged obligations to the SSOs.

## COUNTERCLAIM COUNT IV
### Promissory Estoppel

21. Answering the allegations in Paragraph 21 of the Counterclaims, NFCT incorporates by reference paragraphs 1-15 above as if fully set forth herein and, to the extent understood, NFCT denies the remaining allegations of Paragraph 21 of the Counterclaims as the Complaint does not have paragraphs numbered 86 – 96.

22. NFCT admits that Paragraph 15 of the Amended Complaint reads as quoted by LG and that LG denies that the Asserted Patents are standard essential. NFCT denies the remaining allegations of Paragraph 22 of the Counterclaims.

23. NFCT denies the allegations in Paragraph 23 of the Counterclaims.

24. NFCT denies the allegations in Paragraph 24 of the Counterclaims.

25. NFCT lacks sufficient knowledge to form a belief about the truth of LG's allegations that it has "developed and marketed its products and services in reliance on" alleged promises as set forth in Paragraph 25 of the Counterclaims and on that basis denies such allegations. NFCT denies the remaining allegations in Paragraph 25 of the Counterclaims.

26. NFCT denies the allegations in Paragraph 26 of the Counterclaims.

27. NFCT denies the allegations in Paragraph 27 of the Counterclaims.

## RESPONSE TO LG's PRAYER FOR RELIEF

28. To the extent that any response to the Requested Relief in LG's Counterclaims ¶¶ (A) – (H) is required, NFCT denies that LG has any valid claims or that LG is entitled to any of the requested relief with respect to NFCT and requests that the Court deny the relief requested by LG.

## GENERAL DENIAL

29. NFCT further denies each allegation contained in LG's Counterclaims that is not specifically admitted, denied, or otherwise responded to in this Answer to LG's Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

30. Count II of LG's Counterclaims fails to state a claim upon which relief can be granted because LG has not alleged any facts upon which the Asserted Patents can be adjudged invalid under any provision of Title 35, United States Code. Further, or in the alternative, LG has failed to state its claim of invalidity of the Asserted Patents with sufficient particularity to support its claim for the relief sought.

## SECOND AFFIRMATIVE DEFENSE

31. Counts III and IV of LG's Counterclaims fail to state a claim upon which relief can be granted because LG has not alleged facts with sufficient particularity to support its claim for the relief sought.

## THIRD AFFIRMATIVE DEFENSE

32. Count III of LG's Counterclaims fails to state a claim upon which relief can be granted because LG has not alleged facts sufficient to establish the existence of a contract.

## SIXTH AFFIRMATIVE DEFENSE

33. Count III of LG's Counterclaims is barred, in whole or in part, by LG's lack of privity.

## EIGHTH AFFIRMATIVE DEFENSE

34. LG's Counterclaims are barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

35. LG's Counterclaims fail to state a claim upon which relief can be granted because LG has not alleged a factual or legal basis sufficient to permit recovery of its attorneys' fees incurred in this action.

## OTHER AFFIRMATIVE DEFENSES

36. NFCT hereby gives notice that it intends to rely upon any other defense that may become available in this case and hereby reserves the right to amend this Answer to LG's Counterclaims to assert any such defense.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, NFCT respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: May 22, 2014                                   Respectfully submitted,

**MCKOOL SMITH, P.C.**

By: /s/ Sam Baxter
Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

Robert Auchter (PRO HAC VICE)
(D.C. Bar No. 441669)
rauchter@mckoolsmith.com
Benjamin Levi
(D.C. Bar No. 1005591)

blevi@mckoolsmith.com
Jeffrey Frey (PRO HAC VICE)
(D.C. Bar No. 472430)
jfrey@mckoolsmith.com
Brandon Jordan
(D.C. Bar No. 985986)
bjordan@mckoolsmith.com
McKool Smith P.C.
1999 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 370-8300
Fax: (202) 370-8344

**ATTORNEYS FOR PLAINTIFF
NFC TECHNOLOGY LLC**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All counsel of record who are deemed to have consented to electronic service have been served with a copy of this document on this 22nd day of May, 2014.

                                                                  /s/ Robert Auchter