**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NFC TECHNOLOGY LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 2:13-cv-1058-JRG |
| v. | § | |
| | § | |
| HTC AMERICA, INC., ET AL., | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants.* | § | |
| | § | |

**HTC CORPORATION'S ANSWER AND DEFENSES TO NFC TECHNOLOGY LLC'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant HTC Corporation ("HTC"), by and through its undersigned counsel, hereby

responds to the Amended Complaint ("Complaint") of NFC Technology LLC ("NFCT") as

follows:

**PARTIES**

1.      HTC lacks knowledge and information sufficient to form a belief as to the truth of

the facts alleged in paragraph 1 of the Complaint and therefore denies them.

2.      HTC admits it is incorporated under the laws of Taiwan and has a principal place

of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, Republic of China.  HTC

denies the remaining allegations of paragraph 2 of the Complaint.

3.      HTC admits HTC America Inc. is a Washington Corporation with its a principal

place of business at 13920 SE Eastgate Way, Suite 200, Bellevue, Washington 98005.  HTC

further admits that HTC America has designated National Registered Agents, Inc. as its

representative to accept service of process in Texas.  HTC denies the remaining allegations of

paragraph 3 of the Complaint.

4.      HTC admits that it manufactures outside the United States mobile phones having NXP Semiconductors' chips including the Amaze 4G, EVO 4G LTE, First, One SV, One VX, One X, One X+, Droid DNA and Droid Incredible 4G LTE. HTC denies the remaining allegations of paragraph 4 of the Complaint.

5.      Denied.

6.      HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 6 of the Complaint and therefore denies them.

7.      HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 7 of the Complaint and therefore denies them.

8.      HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 8 of the Complaint and therefore denies them.

9.      HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 9 of the Complaint and therefore denies them.

10.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 10 of the Complaint and therefore denies them.

## JURISDICTION AND VENUE

11.     HTC admits NFCT filed a complaint alleging patent infringement, but HTC denies it infringes any valid NFCT patent claim.  HTC lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 11 of the Complaint and therefore denies them.

12.     Denied.

13.     For purposes of this Answer only, HTC does not dispute the Court's personal jurisdiction.  HTC denies the remaining allegations of paragraph 13 of the Complaint.

14.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 14 of the Complaint and therefore denies them.

15.     HTC denies venue is proper in this district.  HTC lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 15 of the Complaint and therefore denies them.

16.     Denied.

17.     HTC denies joinder was proper.  HTC lacks knowledge and information sufficient to form a belief as to the truth of the remaining facts alleged in paragraph 17 of the Complaint and therefore denies them.

## GENERAL ALLEGATIONS

18.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 18 of the Complaint and therefore denies them.

19.     Denied.

20.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 20 of the Complaint and therefore denies them.

21.     Denied.

22.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 22 of the Complaint and therefore denies them.

23.     HTC denies the allegations of paragraph 23 as to HTC.  HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 23 of the Complaint as it relates to any other defendant and therefore denies them.

24.     HTC admits it is currently aware of the two patents asserted by NFCT in this case, U.S. patent numbers 7,665,664 and 6,700,551.  HTC denies the remaining allegations of

3

paragraph 24 as to HTC.  HTC lacks knowledge and information sufficient to form a belief as to

the truth of the facts alleged in paragraph 24 of the Complaint as it relates to any other defendant

and therefore denies them.

25.     Denied.

## COUNT I

### HTC's Infringement of the '664 Patent

26.     HTC repeats its responses to NFCT's allegations set forth in each paragraph

above as though fully set forth herein.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     HTC lacks knowledge and information sufficient to form a belief as to the truth of

the facts alleged in paragraph 32 of the Complaint and therefore denies them.

33.     Denied.

34.     Denied.

35.     Denied.

## COUNT II

### LG's Infringement of the '664 Patent

36.     HTC repeats its responses to NFCT's allegations set forth in each paragraph

above as though fully set forth herein.

37.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 37 of the Complaint and therefore denies them.

38.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 38 of the Complaint and therefore denies them.

39.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 39 of the Complaint and therefore denies them.

40.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 40 of the Complaint and therefore denies them.

41.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 41 of the Complaint and therefore denies them.

42.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 42 of the Complaint and therefore denies them.

43.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 43 of the Complaint and therefore denies them.

44.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 44 of the Complaint and therefore denies them.

45.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 45 of the Complaint and therefore denies them.

## COUNT III

### HTC's Infringement of the '551 Patent

46.     HTC repeats its responses to NFCT's allegations set forth in each paragraph above as though fully set forth herein.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 52 of the Complaint and therefore denies them.

53.     Denied.

54.     Denied.

55.     Denied.

## COUNT IV

### LG's Infringement of the '551 Patent

56.     HTC repeats its responses to NFCT's allegations set forth in each paragraph above as though fully set forth herein.

57.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 57 of the Complaint and therefore denies them.

58.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 58 of the Complaint and therefore denies them.

59.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 59 of the Complaint and therefore denies them.

60.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 60 of the Complaint and therefore denies them.

61.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 61 of the Complaint and therefore denies them.

62.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 62 of the Complaint and therefore denies them.

63.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 63 of the Complaint and therefore denies them.

64.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 64 of the Complaint and therefore denies them.

65.     HTC lacks knowledge and information sufficient to form a belief as to the truth of the facts alleged in paragraph 65 of the Complaint and therefore denies them.

## PRAYER FOR RELIEF

66.     HTC denies that NFCT is entitled to any relief.

## DEMAND FOR A JURY TRIAL

No Response is required to NFC Technology LLC's demand for a trial by jury.  HTC hereby demands a trial by jury on all issues so triable, including without limitation, HTC's defenses.

## HTC'S DEFENSES

A.     HTC incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and other defenses.  By asserting these affirmative and other defenses, HTC does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  HTC reserves all other affirmative and other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

## FIRST AFFIRMATIVE DEFENSE

B.      HTC does not and has not infringed, whether directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. patent numbers 7,665,664 and 6,700,551 (collectively, the "patents-in-suit").

## SECOND AFFIRMATIVE DEFENSE

C.      Each asserted claim of the patents-in-suit is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

D.      By reason of the prior art and/or statements and representations made to and by the U.S. Patent and Trademark office during prosecution of the applications that led to the issuance of the patents-in-suit and related applications, the patents-in-suit are so limited that none of the claims of the patents-in-suit could properly be construed to cover any activity of HTC.

## FOURTH AFFIRMATIVE DEFENSE

E.      NFCT's claims are barred, in whole or in part, by an express or implied license, and/or by the equitable doctrines of laches, waiver, acquiescence, patent misuse, estoppel and/or the doctrine of patent exhaustion.

## FIFTH AFFIRMATIVE DEFENSE

F.      NFCT's claim for damages is limited by 35 U.S.C. §§ 286 and/or 287.

## SIXTH AFFIRMATIVE DEFENSE

G.      NFCT's claims against HTC are barred in whole or in part because HTC has been improperly joined with other defendants in this action.

## SEVENTH AFFIRMATIVE DEFENSE

H.      NFCT's claims that HTC indirectly infringes the Asserted Patents, either contributorily or by inducement, are barred, in whole or in part, because HTC is not liable to NFCT for the allegedly infringing acts for any time periods during which HTC did not know of the Asserted Patents and/or did not have the specific intent to cause infringement of the Asserted Patents and/or otherwise did not know that their actions would constitute indirect infringement. In addition, any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the infringement of the claims of the NFCT Patent.

## EIGHTH AFFIRMATIVE DEFENSE

I.      NFCT's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Asserted Patents before the United States Patent and Trademark Office.

## NINTH AFFIRMATIVE DEFENSE

J.      NFCT's claims for injunctive relief are barred because there exist adequate remedies at law and because NFCT's claims otherwise fail to meet the requirements for such relief.

## TENTH AFFIRMATIVE DEFENSE

K.      NFCT has failed to state a claim for which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

L.      35 U.S.C. § 288 bars NFCT from recovering costs associated with this action.

## TWELFTH AFFIRMATIVE DEFENSE

M.      NFCT has alleged that HTC's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  HTC disagrees with, and denies, that the Asserted Patents are standard essential.

N.      To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, then NFCT is barred from asserting the Asserted Patents by the equitable doctrine of patent misuse.

O.      NFC standards are promulgated by relevant standards-setting organizations ("SSOs"), such as the NFC Forum, Inc. ("NFC Forum").  SSOs, such as the NFC Forum, put in place Intellectual Property Rights Policies ("IPR Policies") that require each SSO member to identify all patents held by any member that may be essential to compliance with a proposed technology standard.  The IPR Policies further require that each SSO member must state whether it will license such patents on fair, reasonable and non-discriminatory ("FRAND" or "RAND") terms or without compensation.

P.      On information and belief, prior to the institution of this action and during relevant time periods, Inside Secure S.A. ("Inside Secure") and its predecessors-in-interest were members of various SSOs, including the NFC Forum.  As a member of these SSOs, including the NFC Forum, Inside Secure participated in standards-setting activities within these SSOs, including the NFC Forum.

Q.      On information and belief, prior to the institution of this action and during relevant time periods, NXP Semiconductors N.V. ("NXP"), directly or through one of its affiliates, was a member of various relevant SSOs, including the NFC Forum.

R.      On information and belief, Inside Secure assigned to NFCT its rights to the Asserted Patents subject to Inside Secure's obligations to SSOs, including the NFC Forum.

S.      SSOs, like the NFC Forum, are responsible for the standardization of information and communication technologies for the benefit of its members and third parties.  SSOs, like the NFC Forum, have developed IPR Policies designed to mitigate the risk of anticompetitive acts by IPR owners seeking to hold-up or exploit the standard-setting process.  In the absence of FRAND/free licensing obligations, an IPR owner might knowingly watch its patented technology become incorporated into a standard, then demand unreasonable license fees or even refuse to license altogether and seek injunctive relief against any party that implements the standard (and correspondingly, its patented technology).  SSO IPR Policies are designed to obtain FRAND/free licensing obligations from IPR owners to ensure that IPR owners will not use their IPR to extract unreasonable license fees or to exclude any market participant that is willing to accept a license for use of the IPR on FRAND terms and conditions or without compensation to the IPR owner.

T.      By way of examples only and without excluding other relevant SSOs, the NFC Forum's IPR Policy, as approved on November 9, 2004, requires its members to declare all essential IPRs in a timely manner.  Clause 1.2 provides that "[a]ll Member and all Representatives are subject to this IPR Policy and the Rules of Procedure."  Clause 2 of the NFC Forum's IPR Policy further defines IPR to mean "claims in patents and patent applications and copyrights, but excludes trademarks and trade secrets."  Therefore, market participants have a

reasonable expectation that all potentially essential patents or patent applications will be disclosed to the NFC Forum.  Clause 3 of the NFC Forum's IPR Policy governs the availability of licenses to essential IPRs, stating that each Submitter, Participant, and Member "will license all of its Controlled Necessary Claims inherent in the Draft Specification on an irrevocable, non-exclusive and worldwide basis, without compensation and otherwise on a RAND basis, to all Implementers solely for the purpose of implementing such approved Specification or any part thereof and subject to Reciprocity."  New Members must accept the same undertaking for "all then-existing Specification(s)."  Clause 3.6 of the NFC Forum's IPR Policy states that, if an IPR owner refuses the commitment to license on FRAND terms or without compensation, the NFC Forum will select an alternative technology to incorporate into the standard.  Other SSOs, such as the European Telecommunications Standards Institute (ETSI), have adopted similar IPR policy provisions.

U.      On information and belief, Inside Secure has explicitly made declarations to SSOs, like the NFC Forum, related to the Asserted Patents, and has undertaken to grant irrevocable licenses under the SSO's IPRs on terms and conditions which are in accordance with the SSO's IPR Policy, i.e., without compensation or on FRAND terms.

V.      On information and belief, because Inside Secure declared the Asserted Patents in accordance with SSO procedures and correspondingly committed to licensing such patents without compensation or on FRAND terms, and because NFCT acquired the Asserted Patents subject to Inside Secure's obligations, the equitable doctrine of patent misuse bars NFC's present claims inasmuch as NFCT seeks to enjoin HTC from practicing the relevant standard or to extract excessive damages from HTC.

## THIRTEENTH AFFIRMATIVE DEFENSE

W.      HTC incorporates the allegations set forth in paragraphs M-T, above.  On information and belief, subject to further discovery, and in the alternative, Inside Secure failed to disclose the Asserted Patents to relevant SSOs, including the NFC Forum, in violation of its duties to these SSOs to disclose relevant patents.  This failure to disclose the Asserted Patents is a breach of the duties owed to these SSOs and their members.

X.       As a result, members of these standards setting organizations and others, including HTC and chip manufacturers like NXP, have invested financial resources and expended great effort to develop and/or market products that operate in accordance with portions of certain standards established by certain SSOs, such as the NFC Forum.

Y.      Inside Secure, and therefore NFCT, has waived, or acquiesced with respect to, any rights it may have had to enforce the Asserted Patents against manufacturers, sellers, and/or purchasers, including HTC and NXP, of products which operate in accordance with portions of certain standards established by certain SSOs, such as the NFC Forum.

## FOURTEENTH AFFIRMATIVE DEFENSE

Z.      NFCT has alleged that HTC's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  HTC disagrees with, and denies, that the Asserted Patents are standard essential.

AA.     To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, HTC incorporates the allegations set forth in paragraphs M-T,

above.  In light of these facts, NFCT's claims are barred in whole or in part pursuant to actual licenses or under the doctrine of implied license.

BB.     In the alternative and on information and belief, HTC incorporates the allegations set forth in paragraphs M-T and W-Y, above.  In light of these facts, NFCT's claims are barred in whole or in part pursuant to actual licenses or under the doctrine of implied license.

## FIFTEENTH AFFIRMATIVE DEFENSE

CC.     NFCT has alleged that HTC's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  HTC disagrees with, and denies, that the Asserted Patents are standard essential.

DD.     To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, HTC incorporates the allegations set forth in paragraphs M-T, above.  In light of these facts, the Asserted Patents are void and unenforceable by reason of the equitable doctrine of unclean hands based, among other things, on Inside Secure's and NFCT's failure to comply with the rules and obligations of various SSOs, including the NFC Forum.

EE.     In the alternative and on information and belief, HTC incorporates the allegations set forth in paragraphs M-T and W-Y, above.  In light of these facts, the Asserted Patents are void and unenforceable by reason of the equitable doctrine of unclean hands based, among other things, on Inside Secure's and NFCT's failure to comply with the rules and obligations of various SSOs, including the NFC Forum.

## SIXTEENTH AFFIRMATIVE DEFENSE

FF.     NFCT has alleged that HTC's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  HTC disagrees with, and denies, that the Asserted Patents are standard essential.

GG.     To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, HTC incorporates the allegations set forth in paragraphs M-T, above.  In light of these facts, NFCT's claims are barred in whole or in part based on equitable and/or promissory estoppel based on its failure to comply with promises made to SSOs, including the NFC Forum, and manufacturers of products compliant with NFC standards.

HH.     In the alternative and on information and belief, HTC incorporates the allegations set forth in paragraphs M-T and W-Y, above.  In light of these facts, NFCT's claims are barred in whole or in part based on equitable and/or promissory estoppel based on its failure to comply with promises made to SSOs, including the NFC Forum, and manufacturers of products compliant with NFC standards.

## SEVENTEENTH AFFIRMATIVE DEFENSE

II.     NFCT has alleged that HTC's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the Asserted patents." (Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards.  HTC disagrees with, and denies, that the Asserted Patents are standard essential.

JJ.     To the extent that NFCT asserts that the Asserted Patents are standard essential, and on information and belief, HTC incorporates the allegations set forth in paragraphs M-T, above.  In light of these facts, NFCT's claims are barred in whole or in part because Inside Secure, and thus NFCT, knowingly waived its right to seek injunctive relief, monetary damages, and/or non-FRAND monetary damages through the commitments made to SSOs, including the NFC Forum.

KK.     In the alternative and on information and belief, HTC incorporates the allegations set forth in paragraphs M-T and W-Y, above.  In light of these facts, NFCT's claims are barred in whole or in part because Inside Secure, and thus NFCT, knowingly waived its right to seek relief injunctive, monetary damages, and/or non-FRAND monetary damages through the commitments made to SSOs, including the NFC Forum.

## EIGHTEENTH AFFIRMATIVE DEFENSE

LL.     NFCT's claims are barred in whole or in part by laches, waiver and/or estoppel.

MM.     On information and belief, NFCT and the assignors of the Asserted Patents (including Inside Secure) have been aware for many years that HTC, NXP, and others were developing, manufacturing, marketing and/or selling products that operate in accordance with certain portions of certain relevant NFC standards.

NN.     NFCT and the assignors of the Asserted Patents (including Inside Secure) have inexcusably and unreasonably delayed in bringing a patent infringement action against HTC. Their delay has economically and/or evidentially resulted in material prejudice to HTC.

## NINETEENTH AFFIRMATIVE DEFENSE

OO.     NFCT has alleged that HTC's products "include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant

16

results in infringement of the Asserted patents." (Complaint at ¶ 15.)  By this allegation, NFCT appears to suggest that the Asserted Patents are necessary to certain NFC standards HTC disagrees with, and denies, that the Asserted Patents are standard essential.

PP.     To the extent that NFCT asserts that the Asserted Patents are standard essential and on information and belief**,** HTC incorporates the allegations set forth in paragraphs M-T, above.  In light of these facts, NFCT lacks standing as to its claims relating to some or all of the Asserted Patents.  NFCT is precluded from obtaining injunctive or other exclusionary relief because it failed to comply with its commitments to SSOs, including the NFC Forum, that it would license its declared-essential patents on FRAND terms to willing licensees, such as HTC here.  NFCT lacks standing because it has not offered HTC a license without compensation/on FRAND terms or negotiated in good faith to offer HTC such a FRAND/free license in violation of Inside Secure's representations and obligations to SSOs, including the NFC Forum.

## RESERVATION OF RIGHTS

HTC reserves the right to amend should it learn of additional information or defenses.

Dated:  July 21, 2014

Respectfully submitted,

*/s/ Ryan B. Hawkins*

Matthew C. Bernstein
Lead Attorney
CA State Bar No. 199240
mbernstein@perkinscoie.com
Thomas N. Millikan *(Pro Hac Vice)*
CA State Bar No. 234430
tmillikan@perkinscoie.com
Ryan B. Hawkins *(Pro Hac Vice)*
CA State Bar No. 256146
rhawkins@perkinscoie.com
Miguel J. Bombach *(Pro Hac Vice)*
CA State Bar No. 274287
mbombach@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-3334
Tel: 858-720-5700
Fax: 858-720-5799

*Attorneys for Defendants*

*HTC Corporation and HTC America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 21, 2014, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Ryan B. Hawkins*
Ryan B. Hawkins