IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NFC TECHNOLOGY, LLC, | § § § |
| *Plaintiff*, | § § |
| v. | §   CASE NO. 2:13-CV-01058-JRG |
| | § |
| HTC AMERICA, *et al.*, | § § |
| *Defendants*. | § § § § § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant HTC America, Inc.'s Motion to Dismiss or Transfer (Dkt. No. 35), filed March 4, 2014. HTC argues that Plaintiff's cause of action against it should be dismissed for improper joinder under 35 U.S.C. § 299. In the alternative, it asks the Court to transfer this case to the United States District Court for the Northern District of California (NDCA). For the reasons set forth below, the Court finds that the motion should be **DENIED**.

**I.   BACKGROUND**

Plaintiff NFC Technology, LLC ("NFCT"), a Texas LLC created on November 19, 2013 filed this suit for patent infringement sixteen days later, on December 5, 2013 (Dkt. No. 1). Its French parent company is in the business of licensing intellectual property. The patents-in-suit relate to "Near Field Communication" ("NFC") technology, a wireless technology enabling interactions between electronic devices at short distances. The original complaint named as defendants both HTC America, Inc., which imports and sells HTC-branded mobile devices, and

1

three related entities that manufacture, import, and sell LG-branded mobile devices. Later, NFCT amended its complaint to name HTC Corporation, which designs and manufactures HTC phones and is the parent corporation of HTC America, Inc. (collectively, "HTC") (Dkt. No. 46). HTC Corporation is headquartered in Taiwan; HTC America, Inc. maintains its headquarters in Bellevue, Washington (Dkt. Nos. 53-24, 35-1).

The amended complaint pleads that joinder is appropriate because "Defendants' infringing products include, comply with, and/or utilize the same NFC standards and include the same NFC chips, the use of which by each Defendant results in infringement of the [a]sserted patents" (Dkt. No. 46). In its infringement contentions, NFCT alleged that all of the accused products make use of a particular NFC chip, the NXP PN 544, manufactured by third party NXP Semiconductors N.V. ("NXP") (Dkt. No. 43-14). NXP is a Dutch company headquartered in the Netherlands with a U.S. subsidiary located in San Jose, California (Dkt. Nos. 53-40, 35-12).

## II. LEGAL STANDARDS

The recently-passed America Invents Act (AIA) sets out a two-part test for joinder of parties in patent litigation. First, a right to relief must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process." 35 U.S.C. § 299(a)(1). Second, there must exist "questions of fact common to all defendants." *Id.* at (a)(2).

28 U.S.C. section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a

2

district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*).

Once that threshold is met, the movant has the burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Nintendo*, 589 F.3d 1194, 1200 (Fed. Cir. 2009); *In re TS Tech*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*). In this regard, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319; *Volkswagen I*, 371 F.3d at 203. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319; *Volkswagen I*, 371 F.3d at 203. Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314-15.

### III. JOINDER

HTC argues that its joinder with LG entities fails to meet the standard set out by 35 U.S.C. § 299 because the handsets manufactured and sold by LG and HTC are different

products. This argument relies on an overly narrow reading of the "same accused product" language of the AIA.

As noted above, the accused products in this suit all make use of a particular NFC chip, the NXP PN 544, which, in combination with devices supplied by LG and HTC, allegedly infringe NFCT's patents. The defendants thus make use of "the same accused product" insofar as the relevant infringing feature of the product is the NXP chip's interaction with the Defendants' roughly-equivalent non-NXP hardware and software, e.g., antennas. This allegation is clearly in line with the Federal Circuit's rule that the product must be "the same in respects relevant to the patent." *In re EMC*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). Diverse products using identical component parts are often held to meet the joinder standard. *See, e.g.*, *Imperium (IPP Holdings, Inc. v. Apple Inc.*, No. 4:11-CV-163, 2012 WL 461775, at *2-3 (E.D. Tex. Jan. 20, 2012).

HTC also reads the "same transaction or occurrence" standard too narrowly. The Federal Circuit has made clear that this test is a multi-factored, individual analysis of the "aggregate of operative facts." *In re EMC*, 677 F.3d at 1359. That analysis explicitly incorporates consideration of "the use of identically sourced components." *Id.*

NFCT alleges, in essence, that each of the accused devices infringes the same patents by using the same NFC chipset in the same way. The allegations against each defendant present common factual and legal questions that are best resolved in the same legal proceeding. HTC's request for dismissal on the basis of misjoinder should be denied.

### IV. TRANSFER

A. Availability of the Transferee Venue

The parties appear to agree that this suit could originally have been brought in the Northern District of California. The allegedly infringing HTC products are routinely sold in the

NDCA and HTC has substantial business contacts with that venue. *See In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009).

    B. <u>Private Interest Factors</u>

        *1. Relative Ease of Access to Sources of Proof*

This being a patent case, it is likely that the bulk of the relevant evidence in this action will come from HTC. *See In re Genentech*, 566 F.3d at 1345. The bulk of HTC's relevant evidence appears to be located in Bellevue, Washington and in Taiwan. If this case were transferred to the NDCA, HTC would thus undertake some burden in producing documents hundreds or thousands of miles away from where those documents are located. Producing the same documents in the Eastern District of Texas might be slightly more burdensome, but only to an almost infinitesimal degree, since documentary evidence has long been produced almost exclusively in electronic form.

HTC argues that NXP retains substantial documentary evidence in the NDCA. NXP's San Jose office evidently employs workers who "sell[] and support[] NXP's Near Field Communication chip sets" (Dkt. No. 35-12). It is the *design* and *function* of these chip sets that are relevant to NFCT's claims, however, and evidence relating to these subjects appears to be located in Europe (Dkt. Nos. 53-41, 53-42). This evidence (and NFCT's evidence, which appears to be located primarily in France) will be slightly more convenient to produce in the Eastern District of Texas than the NDCA, in roughly the same insubstantial way that the NDCA is more convenient to sources of proof in Washington and Taiwan.

NFCT also argues that Texas is a more convenient venue for potential evidence from certain HTC customers in Texas and for evidence relating to the prosecution and licensing of the

5

patents-in-suit. The Court is not particularly persuaded of the relevance or convenience of this evidence.

Having considered the arguments of the parties and the evidence presented, the Court finds that this factor is neutral.

### 2. *Availability of Compulsory Process*

Under Federal Rule of Civil Procedure 45 (as recently amended), this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). Similarly, the Court may enforce any subpoena for a deposition to be taken within its boundaries, provided that the deposition is taken no more than 100 miles from a location where the person resides, is employed, or regularly transacts business in person. *See id.* at (a)(2), (c)(1)(A), (d)(3)(a); *Ingeniador, LLC v. Adobe Systems Inc.*, 2014 WL 105106, No. 2:12-cv-805-JRG (E.D. Tex. Jan. 9, 2014). Rule 45, however, makes compulsory process for deposition effectively nationwide. Moreover, party witnesses do not require compulsory process for trial and are not given much weight in this factor. *See Ingeniador*, *supra*. Rather, the focus of this factor is on witnesses for whom compulsory process to attend trial might be necessary.

HTC suggests that the presence of certain NXP witnesses in California makes the NDCA a more suitable trial venue. The Court is not persuaded that the named witnesses are likely to testify, given that most of NXP's engineering appears to be located in Europe. Nonetheless, in the absence of other potential third-party witnesses, the Court finds that this factor slightly favors transfer.

### 3. Cost of Attendance for Willing Witnesses

The cost of attendance for willing witnesses is another key factor in the Court's analysis. As noted above, HTC's global headquarters is in Taiwan, and its U.S. headquarters is in Bellevue, Washington. HTC employees would face somewhat lower costs in travelling to the NDCA than they would if forced to travel to the Eastern District of Texas.

Other relevant witnesses, however, appear to be located in France and the Netherlands. To the same degree that witnesses from Taiwan and Washington would be inconvenienced by travelling east from California to Texas, these witnesses would be inconvenienced in travelling west from Texas to California.

NFCT also argues that several HTC employees and third-party witnesses in Texas are relevant to this case. The Court does not find its argument persuasive, though it has considered the possibility that these witnesses will attend trial in its finding.

Transferring this case would, at best, merely redistribute the inconvenience of travel among the parties; at worst, a transfer might substantially increase the cost of attendance for willing witnesses. *Cf. Thomas Swan & Co., Ltd. v. Finisar Corp.*, 2014 WL 47343, No. 2:13-cv-178-JRG (E.D. Tex. Jan. 6, 2014). Having considered the evidence, the Court finds that this factor is neutral.

### 4. Other Practical Problems

The Court has already found that LG is properly joined as a defendant in this case. LG has withdrawn its own motion to transfer venue, and the Court would have to either transfer LG unilaterally or sever the case in order to accommodate HTC's proposed relief. Such an action would be a burden on judicial economy and weighs against transfer. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

C. Public Interest Factors

   *1. Local Interest*

HTC argues that the Northern District of California has an interest in protecting intellectual property rights that stem from research and development in Silicon Valley. *Cf. Affinity Labs of Tex. v. Samsung Elecs. Co., Ltd.*, 2013 WL 5508122, No. 1:12-cv-557-RC (E.D. Tex. Sept. 18, 2013). The Court has previously been highly skeptical of arguments that a particular jurisdiction has a "local interest" that amounts to a bias in its jury pool. *See Ingeniador*, 2014 WL 105106, at *3-4. A predisposition toward one party, independent of the merits of the case, cannot be the kind of "local interest" cognized by the federal rules, and this Court gives this consideration no weight in its analysis. The Court finds that this factor is neutral.

   *2. Other Public Interest Factors*

Both parties seem to agree that other public interest factors are neutral or nearly so. The Court sees no reason to disagree with this conclusion.

Having considered all appropriate factors, the Court finds that HTC has not shown that it would be clearly more convenient to transfer this case to the Northern District of California. ASUS's request for a transfer must therefore be denied.

**V.    CONCLUSION**

The Court finds that HTC was properly joined as a defendant in this case. The Court also finds the Northern District of California is not clearly a more convenient venue for this case.

Having considered the matter carefully, the Court finds that Defendants' motion (Dkt. No. 35) should be and hereby is **DENIED**.

**So Ordered and Signed on this**

**Aug 1, 2014**

                                                      RODNEY GILSTRAP
                                                     UNITED STATES DISTRICT JUDGE