# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NFC TECHNOLOGY, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:13-CV-01058-JRG |
| | § | |
| HTC AMERICA, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Stay Under the "Customer Suit Exception" (Dkt. No. 43), filed March 28, 2014. Defendants ask the Court to stay this case pending resolution of a declaratory judgment action filed by third party NXP Semiconductor USA, Inc., manufacturer of a Near Field Communication ("NFC") chip set at issue in this case. For the reasons set forth below, the Court finds that the motion should be **DENIED**.

### I.  BACKGROUND

Plaintiff NFC Technology, LLC ("NFCT") filed this suit for patent infringement on December 5, 2013 (Dkt. No. 1). The patents-in-suit relate to "Near Field Communication" ("NFC") technology, a wireless technology enabling interactions between electronic devices at short distances. The accused products are LG- and HTC-branded mobile devices incorporating a particular NFC chip set manufactured and sold by NXP Semiconductors, N.V., a Dutch company. Though each of NFCT's claims for infringement appears to involve the NXP chip,

1

several of NFCT's infringement contentions rely on Defendant-provided hardware in combination with the NXP chip to satisfy certain claim limitations (Dkt. No. 49, at 9). For instance, NFCT argues that an HTC-provided antenna coil satisfies a claim limitation requiring "at least one capacitor, and an antenna coil having two end terminals" (Dkt. No. 49-3).

NXP Semiconductors, N.V.'s U.S. subsidiary, NXP Semiconductor USA, Inc. (collectively, "NXP") filed an action for declaratory judgment in the United States District Court for the Northern District of California on March 14, 2014. The suit seeks a declaratory injunction of noninfringement and invalidity with respect to the patents in suit in this case, and names NFCT and its corporate parents as defendants.

On August 1, 2014, the Court found that joinder of the LG and HTC defendants in this case was proper on the basis that the claims against each defendant arose out of the same series of transactions or occurrences and the same accused products, insofar as the relevant elements of the accused products were the NXP chip and its interactions with Defendants' roughly interchangeable hardware, such as antennas (Dkt. No. 91).

## II. LEGAL STANDARDS

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). In deciding whether to stay litigation, courts typically consider "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Id.*

When cases between the same parties present the same issues for resolution, the general rule favors the first-filed action. *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904

(Fed. Cir. 2008). However, "trial courts have discretion to make exceptions to this general rule in the interest of justice or expediency . . . . These exceptions are not rare." *Id.* In particular, "'litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.'" *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (quoting *Katz v. Lear Siegler, Inc.*, 909 f.2d 1459, 1464 (Fed. Cir. 1990)). However, customer suit exceptions are limited to those situations in which the defendant is "a mere reseller" of an accused product, such that the disposition of the manufacturer suit would be determinative of the issues in the customer suit. *See Kahn v. General Motors Corp.*, 889 f.2d 1078, 1081-82 (Fed.Cir. 1989). When a stay would not "resolve 'major issues' concerning the claims against the customer," the Court should not apply the customer suit exception. *See Spread Spectrum*, 657 F.3d at 1358.

### III. ANALYSIS

The defendants in this case are not "mere resellers" of NXP chips. They incorporate NXP chips into a larger environment of mobile device components to produce new products that allegedly infringe NFCT's patents. Though each accused product makes use of a version of the same NXP chip set, the NXP chip itself is not the accused product in the case. As noted above, many of the claims involve not only the chip set but its *combination* with other mobile device hardware. Thus, NXP's declaratory judgment action cannot be expected to fully resolve issues of infringement or damages. Only a finding of invalidity would be dispositive in this case.

Because the Court does not find that Defendants are "mere resellers" of NXP chips, and because NFCT accuses combinations of NXP chips with Defendants' hardware, the Court finds that a stay is not appropriate in this case.

## IV. CONCLUSION

Having considered the matter carefully, the Court finds that Defendants' motion (Dkt. No. 43) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 5th day of August, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE