**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NFC TECHNOLOGY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1058-WCB |
| | § | |
| HTC AMERICA, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## SUPPLEMENTAL PROTECTIVE ORDER

Before the Court is Defendants HTC America, Inc. and HTC Corporation's Partially Opposed Motion for Entry of Supplemental Protective Order. Dkt. No. 123. In light of Plaintiff NFC Technology, LLC's Response to Defendants' Motion (Dkt. No. 124) and their lack of opposition to the Motion, the Motion is GRANTED.

WHEREAS, the Court previously entered a Protective Order in this case on April 29, 2014 (Dkt. No. 73);

WHEREAS, the Court previously entered a Supplemental Protective Order Governing Discovery from Non-Party Qualcomm (Dkt. No. 113);

WHEREAS, the Parties and Third Party NXP have conferred, and counsel for Defendants and Third Party NXP have approved this Supplemental Protective Order;

THEREFORE, it is hereby ORDERED that:

A.      **Definitions**

1.      "NXP Material": Confidential information (regardless of how generated, stored, or maintained) or tangible things that include or incorporate Third Party NXP Confidential Information, that Third Party NXP (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or (iii) protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy. NXP Material includes all information, documents, source code, schematics, testimony, and things produced, served, or otherwise provided in this action by any Party or by Third Party NXP, that include or incorporate NXP Confidential Information.

2.      "NXP – OUTSIDE COUNSEL'S EYES ONLY" material: information, documents, and things that include or incorporate NXP Material.

3.      "Source Code": includes human-readable programming language text that defines software, firmware, (collectively, "software Source Code") and integrated circuits ("hardware Source Code"). Text files containing Source Code shall hereinafter be referred to as "Source Code files." Software Source Code files shall include, but are not limited to, files containing Source Code in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, and other human readable text programming languages. Software Source Code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP. Hardware Source Code files include, but are not limited to, files containing Source Code in VHDL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.

4.      "Chip-Level Schematics": means symbolic representations of analog electric or electronic circuits from which the physical structure of a chip is directly derived.

5.      "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material: NXP Material that includes Source Code and Chip-Level Schematics that constitute proprietary technical or commercially sensitive competitive information that Third Party NXP maintains as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of Third Party NXP. This includes Source Code and Chip-Level Schematics in the Producing Party's possession, custody, or control, and made available for inspection by the Producing Party.

6.      "Designated NXP Material": material that is designated "NXP – OUTSIDE COUNSEL'S EYES ONLY" or "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Supplemental Protective Order.

7.      "Designated Source Code Material": material that is designated "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Supplemental Protective Order.

8.      "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in this action. For the sake of clarity, any person who was retained by a Receiving Party in this action will no longer fall under this definition if that person ceases to be retained by a Receiving Party in this action.

9.      "Party" means any Party to the above-captioned actions, including all of its officers, directors, employees, consultants, retained experts, and all support staff thereof.

10.    "Producing Party" means a party or non-party that discloses or produces Designated NXP Material in the above-captioned actions.

11.    "Receiving Party" a Party that receives Designated NXP Material from a Producing Party in the above-captioned actions.

12.    "Authorized Reviewer(s)" shall mean persons authorized to review "NXP – OUTSIDE COUNSEL'S EYES ONLY" and "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" material in accordance with this Supplemental Protective Order and the Protective Order.

13.    "Counsel of Record": (i) Outside Counsel who appears on the pleadings, or has entered an appearance in this action, as counsel for a Party, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

14.    "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party, of a competitor of a Party, or of Third Party NXP, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Third Party NXP, or of 4) Third Party NXP.

15.     "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party, a competitor of a Party, or of Third Party NXP, and who, at the time of retention, are not anticipated to become employees of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Third Party NXP, or 4) Third Party NXP. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.      Relationship to Protective Order**

16.     This Supplemental Protective Order shall not diminish any existing restriction in the Protective Order with respect to Designated NXP Material. The Parties and Third Party NXP acknowledge and agree that this Supplemental Protective Order is a supplement to the Protective Order entered in this action on April 29, 2014 in the United States District Court for the Eastern District of Texas, Marshall Division. The Protective Order applies to all material designated pursuant to this Supplemental Protective Order. To the extent that there is any confusion or conflict between protective orders with respect to Designated NXP Material, then this Supplemental Protective Order governs.

17.     In addition to the restrictions outlined in this Supplemental Protective Order, material designated as "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" shall be subject to obligations with respect to "RESTRICTED CONFIDENTIAL SOURCE CODE" materials outlined in the Protective Order.

18.     In addition to the restrictions outlined in this Supplemental Protective Order, material designated as "NXP – OUTSIDE COUNSEL'S EYES ONLY" shall be subject to obligations with respect to "RESTRICTED – ATTORNEYS' EYES ONLY" material outlined in the Protective Order.

**C.     Scope**

19.     The protections conferred by this Supplemental Protective Order cover not only Designated NXP Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any applicable local rules or General Orders. Identification of any individual pursuant to this Supplemental Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or any applicable rules or General Orders.

20.     This Supplemental Protective Order shall not prevent a disclosure to which Third Party NXP consents in writing before that disclosure takes place.

21.     This Supplemental Protective Order shall apply to all Designated NXP Material that is produced or provided for inspection in this action, including all Designated NXP Material that is in the possession, custody or control of NXP or any Party in this action, or that is otherwise relevant to this action.

**D.     Access to Designated NXP Material**

22.     Access to "NXP – OUTSIDE COUNSEL'S EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by Third Party NXP, a Receiving Party may disclose any information, document or thing designated "NXP – OUTSIDE COUNSEL'S EYES ONLY" only to:

a.      Persons who appear on the face of Designated NXP Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or NXP regarding the same;

b.      Counsel of Record;

c.      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case," attached hereto as Exhibit B;

d.      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B;

     e.     Court reporters and videographers employed in connection with this action; and

     f.     Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case" attached hereto as Exhibit A, subject to the following exception: Designated NXP Material shall not be disclosed to mock jurors without Third Party NXP's express written consent;

     g.     The Court and its personnel.

23.     Access to "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material: Unless otherwise ordered by the Court or permitted in writing by Third Party NXP, a Receiving Party may disclose any information, document, or thing designated "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" only to:

     a.     Persons who appear on the face of Designated NXP Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or NXP regarding the same;

     b.     Counsel of Record;

     c.     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And

Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case," attached hereto as Exhibit B;

d.    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B, provided, however, that before such disclosure, NXP is provided notice including: (a) the individual's name and business title; (b) business address; (c) business or professions; and (d) the individual's CV. NXP shall have five (5) business days from receipt of the notice to provide detailed objections in writing stating the basis for its position that it has good cause to object to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 5 business days (plus 3 days, if appropriate) period, if no objection has been asserted, then "NXP –

OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" materials may be disclosed pursuant to the terms of this Supplemental Protective Order;

e.    Court reporters and videographers employed in connection with this action, subject to the provisions provided in subparagraph 33(h) herein;

f.    Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case" attached hereto as Exhibit A, subject to the following exception: Designated NXP Material shall not be disclosed to mock jurors without Third Party NXP's express written consent; and

g.    The Court and its personnel.

24.    Unless otherwise ordered or agreed in writing by Third Party NXP, Designated NXP Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.

25.    Unless otherwise ordered or agreed in writing by Third Party NXP, "NXP – OUTSIDE COUNSEL'S EYES ONLY" material may not be disclosed to mock jurors without prior permission of NXP.

26.    Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Producing Party, Designated NXP Material may not be disclosed to any in-house counsel for the Receiving Party.

27.     The Parties acknowledge that Designated NXP Material also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving Parties may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any Designated NXP Material to any destination, person, entity or end use prohibited or restricted under US law without prior US government authorization to the extent required by regulation. The US government maintains embargoes and sanctions against the countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740), currently Cuba, Iran, Libya, North Korea, North Sudan and Syria but any amendments to these lists shall apply.

28.     Receiving Party may host "NXP – OUTSIDE COUNSEL'S EYES ONLY" Material only on either 1) any system inside the firewall of a law firm representing the Receiving Party, or 2) the system of a professional ESI Vendor retained by Counsel of Record of the Receiving Party. "NXP – OUTSIDE COUNSEL'S EYES ONLY" Material also cannot be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel of Record and Outside Consultants designated pursuant to subparagraphs 22(b) and (c) and 23(b) and (c) above. To the extent that any "NXP – OUTSIDE COUNSEL'S EYES ONLY" Material is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by

encrypted electronic means. "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" may not be transmitted by electronic means.

29.     Each person to whom Designated NXP Material may be disclosed, and who is required to sign the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Third Party NXP In This Case," attached hereto as Exhibit B, shall do so, prior to the time such Designated NXP Material is disclosed to him or her. Counsel for the Receiving Party who makes any disclosure of Designated NXP Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for Third Party NXP at the termination of this action.

30.     Absent written permission from Third Party NXP, persons not permitted access to Designated NXP Material under the terms of this Supplemental Protective Order shall not be present at depositions while Designated NXP Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated NXP Material from disclosure to persons not authorized to have access to such Designated NXP Material. Any Party intending to disclose or discuss Designated NXP Material at pretrial or trial proceedings must give advance notice to the Producing Party to assure the implementation of the terms of this Supplemental Protective Order.

**E.      Access By Outside Consultants**

31.     **Notice.** If a Receiving Party wishes to disclose Designated NXP Material to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated NXP Material, provide notice to counsel for NXP, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d)

the individual's CV; (e) any previous or current relationship (personal or professional) with Third Party NXP or any of the Parties to this action; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment, a brief description of the subject matter of the consultancy or employment, and copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B, that have both been signed by that Outside Consultant.

32. **Objections.** With respect to Outside Consultants that have not been previously disclosed to Third Party NXP, Third Party NXP shall have five (5) business days, starting from the first business day following the date upon which Receiving Party provides the notice and all information required by paragraph 31 to the Producing Party, to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 5 business days (plus 3-days, if appropriate) period, if no objection for good cause has been asserted by Third Party NXP, then Designated NXP Material may be disclosed to the Outside Consultant pursuant to the terms of this Supplemental Protective Order. Any objection by Third Party NXP must be made for good cause, and must set forth in detail the grounds on which it is based. Should Receiving Party disagree with the basis for the objection(s), Receiving Party must first attempt to resolve the objection(s) informally with Third Party NXP. If the informal efforts do not resolve the dispute within five (5) business days from the date upon which Receiving Party was first notified of any objection for good cause by Third Party NXP, the Receiving Party may file a

motion with a district court of appropriate jurisdiction requesting that the objection(s) be quashed after that five (5) day period has passed. Third Party NXP shall have the burdens of proof and persuasion by a preponderance of the evidence on the issue of whether the objection(s) rest on good cause. Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection for good cause by Receiving Party and Third Party NXP, the discovery material shall not be disclosed to the person objected to by Third Party NXP.

**F.  Production of NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE Material**

33.  Third Party NXP's Source Code and Chip-Level Schematics:

a.   To the extent that a Producing Party makes NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material available for inspection:

(i) The Producing Party shall make all relevant and properly requested Third Party NXP Source Code available electronically and in text searchable native format (and not in any format created using optical character recognition) (1) if produced by Third Party NXP, in a separate room at a secure facility selected by Third Party NXP or (2) if produced by Defendants, at the offices of Counsel of Record for the producing Defendant or at a secure facility approved by Third Party NXP.  The Producing Party shall make the Source Code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer"). Alternatively, solely at the option of the Producing Party, the Producing Party may make such source code available on a

Source Code Computer that is networked, in a configuration deemed secure by Third Party NXP. The Source Code Computer shall be configured to permit review of the Source Code through a password protected account having read-only access. To facilitate review of the Source Code at the secure facility, the Receiving Party may use appropriate tool software on the Source Code Computer, which shall be installed by the Producing Party, including at least one text editor like Ultra Edit that is capable of printing out Source Code with page and/or line numbers, and a source code comparison tool like Ultra Compare. Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon tool software shall be installed on the Source Code Computer by the Producing Party and paid for by the Receiving Party.

(ii) The Producing Party shall make all relevant and properly requested Chip-Level Schematics available for inspection electronically on the Source Code Computer in a secure room at a secure facility selected by Third Party NXP. The Producing Party shall ensure that the Source Code Computer includes software sufficient to allow a user to view such electronic Chip-Level Schematics.

b.   The Producing Party shall provide access to the Source Code Computer during the normal operating hours of the secure facility as is reasonably necessary for the Receiving Party's review, throughout the duration of the litigation.

c.      The Source Code Computer shall be equipped to allow printing of the NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material made available for inspection by the Producing Party. Copies of NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material shall only be made on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party. Under no circumstances are original printouts of the NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party. Additionally, the Receiving Party may not print any continuous block of source code that results in more than 50 consecutive printed pages, except that Authorized Reviewer(s) may request the printing of a continuous block of more than 50 pages, which request shall not be unreasonably denied by the Producing Party so long as the Receiving Party provides a good faith explanation of the need to exceed the limit (e.g., a single function containing relevant source code is longer than 50 consecutive pages). Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within four (4) business days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated. Counsel of Record for the Receiving Party may request up to 10 copies of each original printout of

NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material Source Code or Chip-Level Schematics. No more than 10% or 1000 pages of the total Source Code (not including copies of original printouts) whichever is greater, for any software release (or in the case of hardware Source Code, for any hardware product), no more than 500 pages of Chip-Level Schematics, and no continuous blocks of Source Code or Chip-Level Schematics that exceed 50 pages, may be in printed form at any one time, without the express written consent of Third Party NXP, which shall not be unreasonably denied. All printed NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material shall be logged by Receiving Party's Counsel of Record and/or other Personnel Retained by a Receiving Party in this action as noted in subparagraph 33 (j) below. No additional electronic copies of the NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material shall be provided by the Producing Party. Hard copies of the NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR') technology. Only printouts of NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material may be made, and such printouts must include (1) directory path information and filenames from which the Source Code and Chip-Level Schematics came and (2) line numbers. The Producing Party

may refuse to provide copies of NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material that fail to comply with this section.

d.     Authorized Reviewer(s) in this action shall not print NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material which have not been reviewed on the Source Code Computer, or in order to review the NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material elsewhere in the first instance, i.e., as an alternative to reviewing that NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material electronically on the Source Code Computer, as the Parties and NXP acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

e.     Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

f.     If any Authorized Reviewer(s) reviewing Third Party NXP's NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE

CODE" Material seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room.

g.  In the event copies of NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material are used as exhibits in a deposition, additional copies may be made for the witness and outside counsel for the parties. The printouts shall not be provided to the court reporter, except that the one copy for the witness which will be used as an exhibit can be provided to the court reporter for the purpose of marking the exhibit, and the further copies of the original NXP Source Code or Chip-Level Schematics printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial. The original copies of deposition exhibits designated "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" will be maintained by the deposing party under the terms set forth in this Supplemental Protective Order.

h.  In addition to other reasonable steps to maintain the security and confidentiality of Third Party NXP's Source Code and Chip-Level Schematics, printed copies of the Designated Source Code Material maintained by the Receiving Party must be kept in a locked storage container when not being actively reviewed or otherwise being transferred

as permitted by the Protective Order and/or this Supplemental Protective Order.

i.      The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual beyond Counsel of Record to whom each hard copy of NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon Third Party NXP the log. In addition, any Outside Consultants of the Receiving Party to whom the paper copies of the NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material were provided must certify in writing that all copies of the NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material were destroyed or returned to the counsel who provided them the information and that they will make no use of the NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material, or of any knowledge gained from the source code in any future endeavor.

**G.      Procedure for Designating Materials**

34.     Subject to the limitations set forth in the Protective Order and in this Supplemental Protective Order, Third Party NXP may: designate as "NXP – OUTSIDE COUNSEL'S EYES ONLY" or information that it believes, in good faith, meets the definition set forth in paragraph 2 above; and designate as "NXP – OUTSIDE COUNSEL'S EYES ONLY

– CONFIDENTIAL SOURCE CODE" information that it believes, in good faith, meets the definition set forth in paragraph 5 above.

35.   Except as provided above in paragraph 33 with respect to "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" Material, any material, including (including physical objects) made available by Third Party NXP for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "NXP – OUTSIDE COUNSEL'S EYES ONLY" information, and shall be subject to this Order. Thereafter, Third Party NXP shall have seven (7) calendar days from the inspection to review and designate the appropriate documents as "NXP – OUTSIDE COUNSEL'S EYES ONLY" prior to furnishing copies to the Receiving Party.

36.   Designation in conformity with the Protective Order and this Supplemental Protective Order shall be made as follows:

   a.   For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings): the Designating Party shall affix the legend "NXP – OUTSIDE COUNSEL'S EYES ONLY" or "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" conspicuously on each page that contains Protected Material. A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied or produced. Before and during the inspection, all material made available for inspection shall be deemed "NXP – OUTSIDE COUNSEL'S EYES

ONLY." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Designated NXP Material.

b.   For Testimony Given in Deposition: For deposition transcripts, the Designating Party shall specify any portions of the testimony that it wishes to designate, by line and page number, no later than 20 business days after the final transcript of the deposition has been received. The Party or Non-Party may identify the entirety of the transcript as "NXP – OUTSIDE COUNSEL'S EYES ONLY" or "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE," but all deposition transcripts not designated during the deposition will nonetheless be treated as "NXP – OUTSIDE COUNSEL'S EYES ONLY" or "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE," until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Supplemental Protective Order and the Protective Order in this action, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Supplemental Protective Order and shall be required to operate in a

manner consistent with this Supplemental Protective Order. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "NXP – OUTSIDE COUNSEL'S EYES ONLY" and/or "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE." An encrypted, password protected copy of deposition transcripts containing Designated NXP Material made pursuant to this paragraph may be hosted electronically by the Receiving Party on any system inside the firewall of a law firm representing the Receiving Party, however, all other restrictions in this Supplemental Protective Order pertaining to Designated Source Code Material apply. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Supplemental Protective Order and the Protective Order, substantially along the lines of "This videotape contains confidential or outside counsel eyes only confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative protective orders in this matter or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by the Protective Orders in this action to receive or

access Protected Material based on the designation of such Protected Material.

c.　　For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

d.　　The provisions of subparagraphs 36(a-c) do not apply to documents produced in native format. For documents produced in native format, the parties shall provide written notice to the Receiving Party of any confidentiality designations at the time of production.

## H.　Use of Designated NXP Material

37.　　Use of Designated NXP Material By Receiving Party: Unless otherwise ordered by the Court, or agreed to in writing by Third Party NXP, all Designated NXP Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this action, and shall not be used in any other way, or for any other purpose, including the acquisition, preparation or prosecution before the Patent office of any patent, patent application, for drafting or revising patent claims, or in connection with patent licensing or product development work directly or indirectly intended for commercial purposes related to the particular technologies or information disclosed in the Designated NXP Material. Information contained or reflected in Designated NXP Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated NXP Material, except in accordance with the terms of the Protective Order or this Supplemental Protective Order.

38.     Use of Designated NXP Material by Third Party NXP: Nothing in this Supplemental Protective Order shall limit Third Party NXP's use of its own documents and information, nor shall it prevent Third Party NXP from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Supplemental Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

39.     Use of Designated NXP Material at Deposition: Third Party NXP shall, on request prior to the deposition, make a searchable electronic copy of the NXP Source Code available on a stand-alone computer connected to a printer during depositions of NXP or other personnel otherwise permitted access to such Source Code. To the extent required, the party conducting the deposition may print additional pages of Source Code printouts to be marked as exhibits at such depositions consistent with other provisions and limitations of the Protective Order and this Supplemental Protective Order.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated NXP Material of which such person has prior knowledge.

40.     Use of Designated NXP Material at Hearing or Trial: The Parties will give Third Party NXP prior notice of the identity of any Designated NXP Material that such Party proposes to disclose at any hearing or trial in this case. Said notice shall be served by facsimile or email on counsel for Third Party NXP at least five (5) business days prior to the hearing or first day of trial; however, if notice cannot be given at least five (5) days prior to such hearing or trial, notice shall be given at the earliest reasonable opportunity. Said notice shall identify the measures the party intends to rely upon to protect the Designated NXP Material when used at any hearing or trial consistent with this Supplemental Protective Order. NXP may object to the measures

proposed to protect the Designated NXP Material, and the parties must meet and confer in good faith to resolve any such NXP objections. This section shall not limit in any way the use of Designated NXP Material during the cross-examination of any witness otherwise permitted access to such Designated NXP Material, as long as the parties take all necessary steps to protect and maintain the confidentiality of any such Designated NXP Material.

## I.    Prosecution and Development Bar

41.    Unless otherwise permitted in writing between Producing Party and Receiving Party, any individual who personally receives any material designated "NXP – OUTSIDE COUNSEL'S EYES ONLY" or "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE" shall:

(a)  not participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application substantially related to the particular technology or information disclosed in the Designated NXP Material, from the time of receipt of such material through the time the individual person(s) cease to have access to materials designated "NXP – OUTSIDE COUNSEL'S EYES ONLY" or "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE," as well as any materials that contain or disclose NXP Material so designated.  This provision shall not apply to post-grant proceedings, including without limitation any inter partes review, CBM review, post-grant review, reexamination or opposition proceedings filed in relation to the patents-in-suit or foreign counterparts, so long as participation in such post-grant proceedings does not involve drafting or amending patent claims, providing input on how claims should be drafted or amended, assisting in drafting or amending patent claims, or advising on drafting or amending patent claims.  This provision also shall not limit any person's ability to represent a party in an inter partes review proceeding, so long as that person's representation does not involve drafting or amending patent claims, providing input on

how claims should be drafted or amended, assisting in drafting or amending patent claims, or advising on drafting or amending patent claims;

(b) not perform hardware or software development work or product development work intended for commercial purposes substantially related to the particular technology or information disclosed in the Designated NXP Material from the time of first receipt of such material through the date the Outside Consultant ceases to have access to any material designated "NXP – OUTSIDE COUNSEL'S EYES ONLY" or "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE," as well as any materials that contain or disclose NXP Material so designated.

## J.   Designated NXP Material Subpoenaed or Ordered Produced In Other Litigation

42.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "NXP – OUTSIDE COUNSEL'S EYES ONLY" or "NXP – OUTSIDE COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE", Receiving Party must notify the Producing Party and Third Party NXP of such information, documents or things, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.  Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Supplemental Protective Order and the Protective Order. In addition, the Receiving Party must provide a copy of this Supplemental Protective Order and the Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Supplemental Protective Order and the Protective Order, and to afford the Party whose Designated NXP Material in this case, is at issue in the other case,

an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated NXP Material. Nothing in these provisions should be construed as authorizing or encouraging any Receiving Party in this action to disobey a lawful directive from another court.

## K.    Unauthorized Disclosure Of Designated NXP Material

43.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated NXP Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Producing Party and Non- Party NXP of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated NXP Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Supplemental Protective Order.

## L.    Duration

44.    Even after the termination of this action, the confidentiality obligations imposed by this Supplemental Protective Order shall remain in effect following the termination of this action, or until Third Party NXP agrees otherwise in writing or a court order otherwise directs.

## M.    Final Disposition

45.    Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including Outside Counsel for each Receiving Party, will destroy all Designated NXP Material produced by Third Party NXP

or any other Party in this action and will destroy or redact any such Designated NXP Material included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media. Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Third Party NXP with a certification stating that it, including its Outside Counsel, has complied with its obligations under this paragraph. With respect to any copy of Designated NXP Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.


IT IS SO ORDERED.

SIGNED this 5th day of December, 2014.




WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF THIRD PARTY NXP IN THIS CASE**

I, _____ [print or type full name], state: My business address is _____;

1.      My present employer is _____;

2.      My present occupation or job description is _____;

3.      I have been informed of and have reviewed the Supplemental Protective Order Governing Discovery from Third Party NXP (the "Supplemental Protective Order") entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in the matter of *NFC Technology LLC v. HTC America, Inc. et al.*, Civil Action No. 2:13-cv-1058, in the United States District Court, Eastern District of Texas Marshall Division in accordance with the restrictions in the Supplemental Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to the Supplemental Protective Order.

4.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[Signature]

Executed On   _____          _____
[Printed Name]

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF THIRD PARTY NXP IN THIS CASE**

I, _____ [print or type full name], of

_____ am not an employee of the Party who retained

me or of a competitor of any Party or Third Party NXP and will not use any information,

documents, or things that are subject to the Supplemental Protective Order Governing Discovery

From Third Party NXP in *NFC Technology LLC v. HTC America, Inc. et al.*, Civil Action No.

2:13-cv-1058, in the United States District Court, Eastern District of Texas, Marshall Division,

for any purpose other than this litigation. I agree not to perform hardware or software

development work or product development work intended for commercial purposes substantially

related to the particular technology or information disclosed in the Designated NXP Material

from the time of first receipt of such material through the date I cease to have access to any

material designated "NXP – OUTSIDE COUNSEL'S EYES ONLY" or "NXP – OUTSIDE

COUNSEL'S EYES ONLY – CONFIDENTIAL SOURCE CODE," as well as any materials that

contain or disclose NXP Material so designated.

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.


_____

[Signature]


Executed On   _____      _____

[Printed Name]