**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| NFC TECHNOLOGY LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 2:13-cv-1058-WCB |
| v. | § | **Hon. William C. Bryson** |
| | § | |
| HTC AMERICA, INC., ET AL., | § | |
| | § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § | |
| | § | |

**DEFENDANTS HTC AMERICA, INC. AND HTC CORPORATION'S**
**MOTION TO STAY**

# TABLE OF CONTENTS

PAGE


I. INTRODUCTION ........................................ 1

II. BACKGROUND ........................................ 2

A. Factual and procedural background ........................................ 2

B. Overview of IPR proceedings ........................................ 4

III. ARGUMENT ........................................ 5

A. A stay will not unduly prejudice or tactically disadvantage NFCT ........................................ 6

B. The IPRs will simplify and clarify this litigation ........................................ 8

C. The litigation is at its early stages ........................................ 11

IV. CONCLUSION ........................................ 12

# TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Capriola Corp. v. LaRose Indus., LLC,*
No. 8:12-cv-2346, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013) ....................................5, 10

*Click-to-Call Tech. v. Oracle Corp.,*
No. 1:12-cv-00468, D.I. 159 (W.D. Tex., Nov. 26, 2013) .......................................................5

*Datatreasury Corp. v. Wells Fargo & Co.,*
490 F. Supp. 2d 749 (E.D. Tex. 2006).....................................................................8, 10

*Destination Maternity Corp. v. Target Corp.,*
12 F. Supp. 3d 762 (E.D. Pa. 2014) ..........................................................................5, 11

*e-Watch, Inc. v. Lorex Can., Inc.,*
No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013)...............................................5

*Emtel, Inc. v. Lipidlabs, Inc.,*
No. 07-cv-01798, 2013 WL 1707678 (S.D. Tex. Apr. 19, 2013)...........................................11

*Evolutionary Intelligence LLC v. Yelp Inc.,*
No. C-13-03587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013)..........................................5, 7

*Freeny v. Apple, Inc.,*
No. 2:13-cv-00361-WCB, 2014 WL 3611948 (E.D. Tex. Mar. 22, 2014)..............................6

*Fresenius USA, Inc. v. Baxter Int'l Inc.,*
721 F.3d 1330 (Fed. Cir. 2013).........................................................................................10

*Interface, Inc. v. Tandus Flooring, Inc.,*
No. 4:13-cv-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013)..................................................5

*Norman IP Holdings, LLC v. TP-Link Technologies, Co.,*
No. 6:13-CV-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)..............................5, 8, 9

*Norred v. Medtronic, Inc.,*
No. 13-2061, 2014 WL 554685 (D. Kan. Feb. 12, 2014).....................................................5, 6

*Riverbed Tech., Inc. v. Silver Peak Sys., Inc.,*
No. 13-02980, 2014 WL 1647399 (N.D. Cal. Mar. 14, 2014) ..........................................5, 10

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.,*
No. SACV 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) .................................5, 6, 12

*Soverain Software LLC v. Amazon.com, Inc,*
356 F. Supp. 2d 660 (E.D.Tex. 2005)....................................................................................5

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**PAGE(S)**

*Star Envirotech, Inc. v. Redline Detection, LLC*,
No. 12-cv-01861, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) ....................5, 6

*VirtualAgility v. Salesforce.com*,
759 F.3d 1307 (Fed. Cir. 2014).................... passim

**STATUTES**

35 U.S.C. § 6....................4

35 U.S.C. § 311....................4

35 U.S.C. §§ 311-19 (2006)....................4

35 U.S.C. § 311(b)....................4

35 U.S.C. § 315(e)(2)....................8, 9

35 U.S.C. § 316(a)....................4

35 U.S.C. § 316(a)(11)....................5

America Invents Act, Pub. L. No. 112-29, 125 Stat. 299 (2011)....................4

**OTHER AUTHORITIES**

37 C.F.R. § 42.51....................4

37 C.F.R. § 42.53....................4

157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011)....................6

157 Cong. Rec. S952 (daily ed. Feb. 28, 2011)....................6

Defendants HTC America, Inc. and HTC Corporation (collectively, "HTC" or "Defendants") respectfully request a stay of this case until the U.S. Patent and Trademark Office ("PTO") Patent Trial and Appeal Board ("PTAB") concludes the *Inter Partes* Review ("IPR") of the two patents asserted in this litigation by Plaintiff NFC Technology LLC ( "NFCT"): U.S. Patent Nos. 6,700,551 ("'551 Patent") and 7,665,664 ("'664 Patent") (collectively, "Asserted Patents").

## I. INTRODUCTION

On July 23 and 24, 2014, HTC filed two petitions with the PTAB for IPR, demonstrating that each asserted claim of the '551 Patent and each asserted independent claim of the '664 Patent—6 claims in total—are invalid. The PTAB has now granted both of HTC's petitions to institute, each of which by statute must be completed within 12 months of institution. In addition, on December 6, 2014, HTC filed a third petition with the PTAB for IPR, demonstrating that the remaining asserted claims of the '664 Patent—which NFCT identified for the first time after HTC had filed its first two IPR petitions—are invalid. In the interest of averting wasteful litigation, HTC requests that the Court stay this case until the PTO concludes the IPRs. All three factors informing the appropriateness of a stay favor granting this motion.

First, NFCT will not suffer any undue prejudice from a stay of this litigation. Courts consistently hold that a delay inherent in an IPR does not constitute undue prejudice, especially where, as here, NFCT—an entity formed sixteen days before filing of the original complaint in this action—does not practice the Asserted Patents and does not make or sell any products, and thus does not compete with HTC.

Second, a stay will simplify the litigation by streamlining or even eliminating it entirely. The vast majority—over 85%—of cases in which the PTAB has instituted an IPR result in at least one claim being found invalid, with the majority of those cases resulting in all claims being

found invalid. In the absence of a stay, some or all of the work of the Court, the parties, and even jurors in this District will be wasted. Even if the PTO unexpectedly confirms all claims, a stay will still simplify the case because the IPRs will inform the claim construction process and reduce the invalidity issues that must be resolved in this litigation.

Third, a stay is appropriate given that HTC is filing its motion to stay while this case is in its relatively early stages: claim construction has not yet concluded, expert discovery has not yet begun, and the deadline for filing dispositive motions is over two months away. In fact, most of the major work related to this case for the parties and the Court remains yet to come. Because all three factors support a stay, the Court should stay this case until the conclusion of the IPRs.

## II. BACKGROUND

### A. Factual and procedural background

Plaintiff NFCT was formed on November 19, 2013. (D.I. 35-2, 43-1.) Sixteen days later, NFCT filed a complaint alleging that HTC America, Inc., LG Electronics USA, Inc., and LG Electronics MobileComm U.S.A., Inc. d/b/a LG Mobile Phones infringe the Asserted Patents. (D.I. 1 (December 5, 2013).) NFCT filed its Amended Complaint on April 10, 2014, adding defendants HTC Corporation and LG Electronics Inc. (D.I. 46.) NFCT voluntarily dismissed LG Electronics Inc. on August 8, 2014 (D.I. 94). The Court granted NFCT's and the remaining LG entities' joint motion to dismiss on August 11, 2014 (D.I. 95). NFCT filed its Second Amended Complaint on December 10, 2014, naming only the HTC entities. (D.I. 130.)

On March 24, 2014, NFCT served its preliminary infringement contentions, identifying Claims 1, 2, 3 and 5 of the '551 Patent and Claims 13 and 29 of the '664 Patent as Asserted Claims. On April 28, 2014, the parties exchanged initial disclosures. On May 19, 2014, HTC America, Inc., LG Electronics USA, Inc. and LG Electronics Mobilecomm U.S.A., Inc. jointly served their invalidity contentions. On August 19, 2014, after HTC had filed its first two IPR

petitions, NFCT again served preliminary infringement contentions identifying the same claims identified on March 24, 2014 and in addition dependent Claims 14, 15, and 19 of the ’664 Patent as Asserted Claims, and HTC served invalidity contentions on October 3, 2014. (*Cf.* D.I. 97, 99.)

The status of the case is as follows:

- Only three party depositions on the merits of HTC have been taken. One additional party deposition on the merits of HTC is scheduled to be taken in Taiwan on February 12, 2015. No deposition on the merits of NFCT has been taken (Morin Decl.[1] ¶ 4.)
- No dispositive motions have been filed. (*Id*.)
- No expert discovery has occurred. (*Id*.)
- The claim construction hearing will occur February 25, 2015. (D.I. 63.)
- The close of fact discovery has been set for April 7, 2015. (*Id*.)
- The close of expert discovery has been set for May 19, 2015. (*Id*.)
- Jury selection has been set for September 14, 2015. (*Id*.)

On July 23 and 24, 2014 HTC filed two petitions for IPR, asking the PTO to invalidate each asserted claim of the ’551 Patent (Claims 1, 2, 3 and 5) (IPR2014-01198) and each claim of the ’664 Patent asserted at that time (independent Claims 13 and 29) (IPR2014-01199) —6 claims in total—based on 10 prior art references and admitted prior art. (Morin Decl. Exs. 1, 2.)[2] None of these reference combinations were considered by the PTO in the prosecution of the Asserted Patents. On February 4, 2014 the PTAB granted HTC’s petitions for IPR, finding a reasonable likelihood that HTC would prevail in showing that all asserted claims of the ’551

[1] The Declaration of Philip Morin in Support of HTC’s Motion to Stay, filed concurrently herewith.

[2] The former LG defendants also filed petitions for IPR on the ’551 Patent (IPR2014-00959) and ’664 Patent (IPR2014-00964). Both petitions were filed on June 16, 2014. Both were terminated before institution pursuant to settlement approximately two months later on August 20, 2014, less than two weeks after the LG defendants were dismissed from this litigation. (Morin Decl. Exs. 3, 4.)

Patent and all asserted independent claims of the ’664 Patent were invalid. (Morin Decl., Exs. 5, 6.)

On December 6, 2014 HTC filed a second IPR petition on the ’664 Patent under IPR2015-00384 challenging the validity of dependent claims 14, 15 and 19, which NFCT identified for the first time after HTC filed IPR2014-01198 and IPR2014-01199. (Morin Decl. Ex. 7.) That petition is pending institution. The PTAB is required by statute to reach a decision on institution by June 6, 2015.

Accordingly, HTC’s IPR petitions have challenged the validity of all of the asserted claims in this action.

**B. Overview of IPR proceedings**

IPR is a procedure for challenging the validity of patents that replaces the *inter partes* reexamination procedure. *See* 35 U.S.C. §§ 311-19 (2006), replaced by America Invents Act, Pub. L. No. 112-29, 125 Stat. 299 (2011). IPR allows a full adversarial challenge—including an oral hearing and discovery—to the validity of a patent based on prior art patents and printed publications. 35 U.S.C. §§ 311(b), 316(a); 37 C.F.R. §§ 42.51, 42.53. Each IPR is conducted before a panel of technically trained patent judges who are part of the Patent Trial and Appeal Board (“PTAB”). 35 U.S.C. §§ 6, 311.

IPR often results in the cancellation of one or more claims. For IPRs in which the PTO instituted a trial and issued a final written decision, at least one claim was invalidated 86.7% of the time and all challenged claims were invalidated 69.1% of the time. (Morin Decl. ¶ 5.) Statistics on *inter partes* reexamination are also instructive—from 1999 through September 2013, 31% of *inter partes* reexaminations canceled all claims, and 61% canceled or changed some of the claims, while only 8% confirmed all claims. (Morin Decl. Ex. 8 at page 1 ¶7.)

IPR is a quick proceeding with statute-mandated deadlines, which in totality must be completed no later than 12 months after institution of the IPR. 35 U.S.C. § 316(a)(11). The PTAB may extend this deadline by up to six months for "good cause," but to date has not done so. (Morin Decl. ¶ 6). Thus, IPR is more expeditious than the previous *inter partes* reexamination procedure where the average pendency was three years. (Morin Decl. Ex. 8 at page 1 ¶6.)

## III. ARGUMENT

District courts in Texas and across the country have done exactly what this motion requests—exercise the Court's discretion to grant a motion to stay pending IPR.[3] "In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). Here, all three factors weigh in favor of a stay.

---

[3] *See, e.g., Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762 (E.D. Pa. 2014); *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, No. 13-02980, 2014 WL 1647399 (N.D. Cal. Mar. 14, 2014); *Norred v. Medtronic, Inc.*, No. 13-2061, 2014 WL 554685 (D. Kan. Feb. 12, 2014); *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013); *Click-to-Call Tech. v. Oracle Corp.*, No. 1:12-cv-00468, D.I. 159 (W.D. Tex., Nov. 26, 2013) (order granting motion to stay) (Morin Decl. Ex. 9); *Interface, Inc. v. Tandus Flooring, Inc.*, No. 4:13-cv-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013); *e-Watch, Inc. v. Lorex Can., Inc.*, No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013); *Star Envirotech, Inc. v. Redline Detection, LLC*, No. 12-cv-01861, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013); *Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012).

**A. A stay will not unduly prejudice or tactically disadvantage NFCT**

The first factor favors a stay because NFCT will not suffer any undue prejudice or tactical disadvantage from the stay. "Courts have held that the mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a] request for a stay." *Semiconductor Energy*, 2012 WL 7170593, at *3 (citation and quotation omitted); *see also Norred*, 2014 WL 554685, at *4. These holdings are particularly applicable in the context of IPR, as any "delay caused by the new IPR procedure is ***significantly*** less than the delay caused by the old procedure." *Star Envirotech*, 2013 WL 1716068, at *2 (citation and quotation omitted) (emphasis added). Indeed, Congress replaced the *inter partes* reexamination procedure with the IPR procedure with the intent to provide a "faster, less costly alternative[] to civil litigation to challenge patents." 157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statement of Sen. Chuck Grassley). Congress further stated that the new post-grant review procedures, including IPR, were meant to be "an inexpensive substitute for district court litigation" that "allows key issues to be addressed by experts in the field." 157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011) (statement of Sen. Jon Kyl).

NFCT will not be unduly prejudiced by a stay. The Federal Circuit has recently held in the closely analogous context of a stay pending Covered Business Method review that "whether the patentee will be *unduly prejudiced* by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original).[4] As the Federal Circuit recently noted, the fact that plaintiff did not seek a preliminary injunction "weigh[ed] against [its] claims that it w[ould] be unduly prejudiced by a stay." *See id.* at 1319. In this case, as in *VirtualAgility*, plaintiff did

[4] Although *VirtualAgility* discussed a stay pending CBM review, courts in this District consider the considerations for stays pending CBM and IPR to be "closely related." *Freeny v. Apple, Inc.*, No. 2:13-cv-00361-WCB, 2014 WL 3611948, at *1 (E.D. Tex. Mar. 22, 2014).

not move for preliminary injunctive relief. Moreover, NFCT acknowledges that it has an adequate remedy at law, as demonstrated by dismissal of the LG defendants pursuant to settlement earlier in this litigation. (D.I. 93-95. *See also e.g.* Morin Decl. Ex. 3 at 2 (discussing settlement between NFCT and LG).) If plaintiff prevails in this case, it will be adequately compensated with damages, which will continue to accrue while the case is stayed. *See Evolutionary Intelligence*, 2013 WL 6672451, at *8 ("Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.") (internal quotation marks omitted) (citing cases); *see also VirtualAgility*, 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [plaintiff] will be entitled . . .—it only delays realization of those damages and delays any potential injunctive remedy.").

In addition, there is no undue prejudice to NFCT, which was formed only sixteen days prior to the filing of the complaint in this action (D.I. 35-2, 43-1), because it is a patent licensor and does not compete with HTC. In cases involving non-competitors, such as here, courts find that this factor "strongly favor[s] granting the stay" based on the following reasoning:

> If the parties are not competitors (meaning that the plaintiff does not market any products or services covered by the claims of the patents-in-suit and does not seek a preliminary injunction), the plaintiff does not risk irreparable harm by the defendant's continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief.

*Evolutionary Intelligence*, 2013 WL 6672451, at *8 (citing cases). Accordingly, any delay caused by a stay will not prejudice or tactically disadvantage NFCT because NFCT, a non-practicing entity with no products or services related to the Asserted Patents, is not a competitor of HTC.

In fact, courts in this District have recognized that during a stay pending IPR, "the potential for avoiding potentially moot discovery will benefit both parties." *Norman IP*, 2014 WL 5035718, at *2. Moreover, as this Court noted in *Datatreasury Corp. v. Wells Fargo & Co.*, estoppel further eliminates any prejudice to plaintiff. 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006). In this case, if HTC's petitions result in a final written decision from the PTO, HTC will be estopped by 35 U.S.C. § 315(e)(2) from raising any invalidity ground that it raised or reasonably could have raised in the IPR proceeding. Thus, the IPR proceeding will reduce the number of invalidity arguments that plaintiff will be required to rebut, and the number of arguments that this Court will be required to adjudicate. Accordingly, this factor strongly favors a stay. *Norman IP*, 2014 WL 5035718, at *2.

While a stay will not unduly prejudice NFCT, the failure to stay the case will unduly prejudice HTC. HTC will be forced to expend substantial sums litigating claims that, based on the statistics for *inter partes* review, have a high chance of being found invalid as a result of the instituted IPRs. For IPRs in which the PTO instituted a trial and issued a final written decision, the PTAB found all claims invalid in 69.1% of the instituted IPRs, and at least one claim was found invalid in 86.7% of the instituted IPRs. (Morin Decl. ¶ 5.) Accordingly, this factor favors a stay because NFCT will suffer no undue prejudice or tactical disadvantage.

**B. The IPRs will simplify and clarify this litigation**

The second factor also favors a stay because it is very likely that the PTAB will cancel some or all of the asserted claims, and regardless of the PTO's final action, a stay will simplify the litigation. In the context of a stay pending CBM review, the Federal Circuit has noted that the institution of review "weighs heavily in favor of granting the stay." *VirtualAgility*, 759 F.3d at 1314.

As the court in *Norman IP* noted, "[s]taying the litigation pending the PTAB's determination of the validity of all the asserted claims of the three patents-in-suit could narrow the issues before the court, prevent duplicative or unnecessary discovery, and encourage settlement or dismissal." 2014 WL 5035718, at *3.

Assuming that the case is not settled or dismissed before the PTAB reaches a final written decision, three possible outcomes exist. First, if the PTO rejects all of the asserted claims of the Asserted Patents, this case will be over.[5] *See, e.g.*, *VirtualAgility*, 759 F.3d at 1314–15 (noting that a successful CBM review "would not just reduce the burden of litigation on the parties and the court—it would entirely eliminate it."). Second, if the PTO rejects or amends some of the claims, the case will be simplified because the original claims will no longer be at issue in the litigation. Third, even if the PTO confirms all of the claims, under 35 U.S.C. § 315(e)(2), HTC is estopped from asserting invalidity "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." Thus, the invalidity arguments will be simplified. Under all of these scenarios, IPR will simplify the litigation by adding prosecution history that will likely inform claim construction and other issues, such as intervening rights (which impacts damages). Conversely, if the Court does not grant the stay, progress in this case may be undermined by claim amendments made during the IPR or by the

[5] As discussed above, on February 4, 2015 the PTAB has instituted IPR of all the asserted claims except for dependent claims 14, 15 and 19 of the '664 Patent, which NFCT asserted for the first time only after HTC had filed its IPR petitions on the '551 and '664 Patents. HTC's second IPR petition on the '664 Patent (IPR2015-00384), filed December 6, 2014, challenges the validity of those dependent claims. Thus if, as is highly likely, the PTAB institutes IPR2015-00384, all asserted claims of the Asserted Patents will be under PTAB review. (According to PTAB statistics dated February 5, 2015, 77% of petitions have been instituted to date in Fiscal Year 2015, and 75% of petitions were instituted in Fiscal Year 2014. (Morin Decl. Ex. 10, at slide 4 ("AIA Petition Dispositions").)

PTAB's claim constructions. *See, e.g.*, *VirtualAgility*, 759 F.3d at 1314 (noting that a patent owner's claim amendments at the PTAB could make claim construction "a moving target.").

Even before the Federal Circuit provided its recent guidance in *VirtualAgility,* Courts in this District and elsewhere have identified seven benefits of staying litigation and shifting certain questions of patent invalidity to the PTO:

> All prior art presented to the Court will have been first considered by the PTO, with its particular expertise; [m]any discovery problems relating to prior art can be alleviated by the PTO examination; [i]n those cases resulting in effective invalidity of the patent, the suit will likely be dismissed; [t]he outcome of the reexamination [or review] may encourage a settlement without the further use of the Court; [t]he record of reexamination [or review] would likely be entered at trial, thereby reducing the complexity and length of the litigation; [i]ssues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination [or review]; and [t]he cost will likely be reduced both for the parties and the Court.

*Datatreasury*, 490 F. Supp. 2d at 754; *see also Capriola*, 2013 WL 1868344, at *1 (identifying same benefits and granting a stay pending IPR); *Riverbed*, 2014 WL 1647399, at *2–3 (same).

Finally, the Federal Circuit's recent decision in *Fresenius USA, Inc. v. Baxter Int'l, Inc.* provides another reason to stay the case. 721 F.3d 1330 (Fed. Cir. 2013). The Federal Circuit held that where the execution of a damages award has not yet occurred and the decision is not yet final—in that case, the award was on appeal to the Federal Circuit—district courts must give effect to the PTO's invalidity determination. *Id.* at 1343. Even if the parties' disputes progress more quickly in the district court than in the PTO, the IPR decision will ultimately govern, rendering all the Court's and parties' work in this action for naught. Before the Court and the parties expend unnecessary resources, the PTO should be allowed to complete its review, which will narrow the issues and possibly eliminate them altogether.

In sum, the second factor favors a stay because a stay will simplify the issues remaining at the conclusion of the IPR proceeding.

**C. The litigation is at its early stages**

The third factor favors a stay because HTC filed its motion at an early stage of this action, this case is still at a relatively early stage, and a stay at this point would maximize judicial efficiency. For purposes of this factor, "the time of the motion is the relevant time to measure the stage of litigation." *VirtualAgility*, 759 F.3d at 1317. While the Court issued a scheduling order on April 23, 2014, the date for the close of fact discovery is not until April 7, 2015 (D.I. 63); the date for the close of expert discovery is not until May 19, 2015 and jury selection for trial will not occur until September 14, 2015. (*Id.*) No party has filed a dispositive motion, only three party depositions on the merits have taken place, and the Court has not yet held a claim construction hearing. (Morin Decl. ¶ 4.) Courts routinely stay cases in similar stages. For example, in *VirtualAgility*, the Federal Circuit found that this factor weighed in favor of a stay where "there remained eight months of fact discovery, the joint claim construction statements had yet to be filed, and jury selection was a year away." 759 F.3d at 1317.

The reasons for focusing on the stage of litigation are simple: when substantial work remains unfinished, a stay will conserve both the court's and the parties' resources. These reasons are so compelling that courts grant stays in cases further along than this one to prevent a further waste of the court's and the parties' resources. *See, e.g.*, *Destination Maternity*, 12 F. Supp. 3d at 770 (citing cases and noting that although "the parties have already conducted a significant amount of discovery," this factor weighs in favor of a stay "if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation"); *Emtel, Inc. v. Lipidlabs, Inc.*, No. 07-cv-01798, 2013 WL 1707678, at *6 (S.D. Tex. Apr. 19, 2013) (granting a stay pending resolution of *ex parte* reexamination after court conducted the *Markman* hearing). Accordingly, this factor weighs in favor of a stay: "considering the general time line of patent litigation, there

is more work ahead of the parties and the Court than behind the parties and the Court." *Semiconductor Energy*, 2012 WL 7170593, at *5 (citations omitted).

## IV. CONCLUSION

All three factors favor a stay of this case pending IPR of the Asserted Patents: NFCT will suffer no prejudice or tactical disadvantage, a stay will simplify the case, and this case is in its relatively early stages. Accordingly, this Court should stay this case until the conclusion of the IPRs.

Dated: February 11, 2015

Respectfully submitted,

*/s/ Philip A. Morin*

Matthew C. Bernstein
Lead Attorney
CA State Bar No. 199240
mbernstein@perkinscoie.com
Thomas N. Millikan *(Pro Hac Vice)*
CA State Bar No. 234430
tmillikan@perkinscoie.com
Ryan B. Hawkins *(Pro Hac Vice)*
CA State Bar No. 256146
rhawkins@perkinscoie.com
Philip A. Morin *(Pro Hac Vice)*
CA State Bar No. 256864
pmorin@perkinscoie.com
Miguel J. Bombach *(Pro Hac Vice)*
CA State Bar No. 274287
mbombach@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Tel: 858-720-5700
Fax: 858-720-5799

Jennifer Parker Ainsworth
Texas State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Tel: 903-509-5000
Fax: 903-509-5092

*Attorneys for Defendants*

*HTC Corporation and HTC America, Inc.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 9, 2015, Jennifer Ainsworth, counsel for HTC, conferred by telephone with Jennifer Truelove, counsel for Plaintiff, pursuant to L.R. CV-7(h). Counsel indicated by e-mail dated February 11, 2015 that Plaintiff opposes the stay of litigation sought in this motion.

*/s/ Philip A. Morin*
Philip A. Morin

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2015, I caused a true and correct copy of this document to be served on all counsel of record via Electronic Case Filing (ECF) pursuant to Local Rule CV-5(a)(3).

*/s/ Philip A. Morin*
Philip A. Morin