IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NFC TECHNOLOGY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1058-WCB |
| | § | |
| HTC AMERICA, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINON AND ORDER

Before the Court is a motion to stay proceedings in the district court filed by defendants

HTC America, Inc., and HTC Corporation. Dkt. No. 145. The motion is GRANTED, and this

case will be stayed pending the completion of the inter partes review proceeding before the

Patent Trial and Appeal Board ("PTAB").

## BACKGROUND

Plaintiff NFC Technology LLC ("NFCT") filed this action against HTC America, Inc.,

on December 5, 2013. HTC Corporation was added as a defendant in an amended complaint

filed on April 10, 2014. The two defendants are collectively referred to here as HTC. The

amended complaint alleged that HTC infringed two patents owned by NFC: U.S. Patent No.

6,700,551 ("the '551 patent") and U.S. Patent No. 7,665,664 ("the '664 patent").

On July 23 and 24, 2014, HTC filed two petitions with the PTAB requesting that the

PTAB conduct an inter partes review of each asserted claim of the '551 patent and the '664

patent. NFCT subsequently asserted additional claims of the '664 patent in the litigation against

HTC (claims 14, 15, and 19), after which HTC filed a third petition with the PTAB on December 6, 2014, seeking review of those claims in addition to the claims previously identified in the earlier petitions for review.

On February 4, 2015, the PTAB granted HTC's first two petitions for inter partes review. A week later, HTC filed the present motion seeking a stay pending the conclusion of the inter partes review proceedings before the PTAB. NFCT opposes the motion. The parties have briefed the motion to stay, which was orally argued before the Court on March 3, 2015.

## DISCUSSION

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); Gonzalez v. Infostream Grp., Inc., No. 2:14-cv-906 (E.D. Tex. Mar. 2, 2015). In particular, the question whether to stay proceedings pending inter partes review of a patent is a matter committed to the district court's discretion. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (request for stay pending inter partes reexamination). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." Evolutionary Intelligence, LLC v. Millennial Media, Inc., No. 5:13-cv-4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014); see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc., No. 6:14-cv-162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015); Surfast, Inc. v. Microsoft Corp., No.

2:12-cv-333, 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014); Norman IP Holdings, LLC v. TP-Link Techs. Co., No. 6:13-cv-384, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014); Air Vent, Inc. v. Owens Corning Corp., No. 2:10-cv-1699, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012); Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983).

District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court. See Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc., No. 2:13-cv-235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014); Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P., 922 F. Supp. 2d 486, 489 (D. Del. 2013); Soverain Software LLC v. Amazon.com, Inc., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation. EchoStar Techs. Corp. v. TiVo, Inc., No. 5:05-cv-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006).

Those three factors largely overlap with the four factors that Congress has expressly set forth as governing the question whether a stay should be granted pending covered business method ("CBM") review proceedings before the PTAB. Those four factors are:

(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
(B) whether discovery is complete and whether a trial date has been set;
(C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
(D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 18(b)(1), 125 Stat. 284, 331 (2011) ("the AIA"). Congress's addition of a fourth factor requiring an inquiry into whether a stay will reduce the burden of litigation on the parties and on the court indicates that special attention should be given to minimizing the burdens of litigation. While that factor has been noted as the basis for a distinction between the standard for stay motions in CBM review proceedings and stay motions in inter partes review proceedings, see Progressive Cas. Ins. Co. v. Safeco Ins. Co., No. 1:10-cv-1370, 2013 WL 1662952, at *2 (N.D. Ohio Apr. 17, 2013), courts considering stay applications in the inter partes review setting have been attentive to that concern as well, see, e.g., Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P., 922 F. Supp. 2d 486, 489 (D. Del. 2013); Ultratec, Inc. v. Sorenson Commc'ns, Inc., No. 13-cv-346, 2013 WL 6044407 (W.D. Wis. Nov. 13, 2013). The Court now turns to an analysis of each of the factors bearing on whether to grant a stay of the district court proceedings pending the resolution of HTC's petitions for inter partes review.

### 1. Prejudice

NFCT argues that the delay inherent in granting a stay would lead to undue prejudice. It makes no specific allegations of prejudice other than to claim that any delay in the vindication of patent rights is prejudicial to a patent owner. To be sure, that interest is entitled to weight. See Network-1 Sec. Solutions, Inc. v. Alcatel-Lucent USA Inc., No. 6:11-cv-492, at 9 (E.D. Tex. Jan. 5, 2015); Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc., No. 2-13-cv-235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014); ThinkOptics, Inc. v. Nintendo of Am., Inc., No. 6:11-cv-455, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014); Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB, No. 6:12-cv-224, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14,

2014); Voltstar Techs., Inc. v. Superior Commc'ns, Inc., No. 2:12-cv-82, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013). However, that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion. See E-Watch, Inc. v. Lorex Canada, Inc., No. H-12-331, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013); Semiconductor Energy Lab. Co. v. Chimei Innolux Corp., No. SACV 12-21, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012); TierraVision, Inc. v. Google, Inc., No. 11-cv-2170, 2012 WL 559993, at *3 (S.D. Cal. Feb. 21, 2012).

NFCT does not dispute HTC's contention that it does not compete with HTC and that monetary relief will be sufficient to compensate it for any injury to its patent rights. NFCT's only other claim of prejudice is its conclusory claim that it "would be tactically disadvantaged because, during [the stay] period, memories will fade and discovery may likely be lost." Dkt. No. 149, at 11. That generalized claim of injury is entitled to little weight, however, as NFCT has not made any showing as to particular evidence or discovery that is at risk of being lost. A blanket statement that evidence may become stale or be lost does not amount to a compelling showing of prejudice.

Finally, NFCT contends that "it would be unduly prejudiced and tactically disadvantaged by a stay because of HTC's dilatory motive." Dkt. No. 149, at 12; see also id. at 13-15 (contending that HTC has "unclean hands" based on HTC's conduct by making "speaking objections" and raising improper claims of privilege during a series of depositions during the week of February 9-12, 2015). NFCT's claim of dilatory behavior appears to be based principally on HTC's motion to transfer this case to the Southern District of California (subsequently amended to seek transfer to the Northern District of California). There is nothing

unusual about filing a motion to transfer, and NFCT has pointed to nothing about the filing of the transfer motion in this case that would affect HTC's entitlement to a stay. NFCT also complains, without elaboration, about HTC's motion to stay this action in light of a declaratory judgment action brought be a third party, a motion that was denied. The Court sees nothing facially improper in the filing of that motion, and NFCT's brief offers nothing of substance that would lead the Court to conclude that the motion was inappropriate or that the stay should be denied because of the filing of that motion. Nor does the Court discern anything in the allegations regarding HTC's conduct during the February 9-12 depositions that should have any effect on the Court's decision on the stay motion. The Court therefore concludes that the prejudice factor cuts slightly against a stay, but no more than would typically be the case when a plaintiff is faced with the prospect of a delay in obtaining monetary relief on its claims.

### 2. The State of the Proceedings

This action was instituted more than a year ago. By the time the motion to stay was filed, the parties had engaged in significant discovery, and claim construction briefing was complete. However, fact discovery does not close for another month, and significant pretrial discovery, filings, motions, and other events remain to be completed before the scheduled trial date of September 8, 2015. Clearly, the case is not "in its infancy"; it is far enough along that a stay would interfere with ongoing proceedings. On the other hand, it appears likely that the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future. Thus, denying a stay because of the progress of the case to this point would impose significant expenses on the parties that might be avoided if the stay results in the simplification (or obviation) of further court proceedings.

Another consideration that bears on this factor is whether the defendant acted with reasonable dispatch in filing its petitions for inter partes review and then, after the petitions were granted, in filing its motion for a stay. The petitions for inter partes review were filed seven and one-half months after the action was brought, and four months after NFCT filed its infringement contentions. The motion for a stay was filed very promptly after the PTAB instituted the inter partes review.

Given the complexity entailed in seeking inter partes review, a delay of seven and one-half months from the filing of the complaint is not unreasonable. That is particularly true in light of the fact that the petitions were filed only four months after NFCT served its infringement contentions on HTC. See Destination Maternity Corp. v. Target Corp., 12 F. Supp. 3d 762, 766-68 (E.D. Pa. 2014) (petition for inter partes review filed less than four months after infringement contentions was reasonably timely); Software Rights Archive, LLC v. Facebook, Inc., No. 12-3970, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) (petition filed just over four months after identification of asserted claims was reasonable); Semiconductor Energy Lab. Co. v. Chimei Innolux Corp., No. SACV 12-21, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012) (3-4 month delay in filing petition after infringement contentions is reasonable). To be sure, if the petitions had been filed several months earlier, the PTAB's decision on the petitions would have come early enough that the stay motion could have been decided at a time that would have saved the parties some discovery expenses and much of the expense associated with the claim construction proceeding. Nonetheless, the Court does not regard HTC's conduct in this regard as dilatory, and will not weigh the delay in filing the petitions for inter partes review against HTC.

In sum, the state of the proceedings is neutral or, at most, cuts slightly against the issuance of a stay.

### 3.  Simplification of the Issues

In the Court's view, the most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court.  Congress's purpose in creating an inter partes review procedure was to allow the administrative agency that issues patents to consider new information bearing on whether those patents should be canceled or confirmed.  Giving the agency the authority to consider the validity of patents in the inter partes review process was designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation.

The benefits of the reexamination process for cases in litigation have been described in a way that applies equally to inter partes review:

> 1.  All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
> 2.  Many discovery problems relating to prior art can be alleviated by the PTO examination.
> 3.  In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
> 4.  The outcome of the reexamination may encourage a settlement without the further use of the Court.
> 5.  The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
> 6.  Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.
> 7.  The cost will likely be reduced both for the parties and the Court.

Fisher Controls Co. v. Control Components, Inc., 443 F. Supp. 581, 583 (S.D. Iowa 1977), quoted with approval in Premier Int'l Assocs. LLC v. Hewlett-Packard Co., 554 F. Supp. 2d 717, 720 (E.D. Tex. 2008).

In this case, the likelihood of some or all of those benefits flowing from inter partes review is high. If the proceedings before the PTAB result in confirmation of the patent claims being asserted in court, the defendant will be estopped from challenging the validity of the claims on any ground that was, or could reasonably have been, asserted in the inter partes proceeding. 35 U.S.C. § 315(e)(2). On the other hand, if the proceedings result in cancelation of some or all of the asserted claims, either some portion of the litigation will fall away, or the litigation will come to an end altogether.

While the PTAB's decision to institute inter partes review ordinarily means that there is a substantial likelihood of simplification of the district court litigation, that likelihood is far more speculative before the PTAB decides whether to institute inter partes review. For that reason, the grant of inter partes review has been treated as a highly significant factor in the courts' determination of whether to stay cases pending PTAB review. Thus, it is important to the Court's decision that in this case the PTAB has acted on two of the defendants' three petitions for inter partes review and in doing so has instituted inter partes review proceedings on most of the claims at issue in this case.

The Federal Circuit recently addressed the closely related question whether a stay should be granted pending "covered business methods" ("CBM") review after the PTAB has instituted review proceedings. See VirtualAgility, Inc. v. Salesforce.com, Inc., 759 F.3d 1307 (Fed. Cir. 2014). The circuit court in that case held that the district court erred in denying a stay after the

PTAB had granted the defendants' petition for CBM review. The court stated that it was "not error for the district court to wait until the PTAB made its decision to institute CBM review before it ruled on the motion" to stay. Id. at 1315. The court added that "[w]hile a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted." Id. at 1316.

The court in VirtualAgility held that the patentee, which could be adequately compensated through a damages remedy, could not make a showing of undue prejudice from a stay, and that the evidence did not indicate that a stay would give the defendants a clear tactical advantage. 759 F.3d at 1318-20. Moreover, the court found that the disposition of the review would streamline the proceedings before the district court and decrease the burden on the parties and the court, and that the case was not so far advanced at the time the stay motion was filed as to justify the denial of the requested stay. Id. at 1313, 1320. For those reasons, the court held that the district court should have entered a stay pending the PTAB's resolution of the CBM review proceeding.

NFCT argues that because VirtualAgility involved CBM review, not inter partes review, the Federal Circuit's analysis in VirtualAgility does not apply here. It is true that the stay provisions for CBM review are statutory, while the stay practice for inter partes has been developed by the courts. However, the standards for granting stay relief are generally similar. As noted above, the additional statutory factor applied in the CBM review context—whether a stay will reduce the burden of litigation on the parties and the court—is a consideration that courts often taken into account in determining whether to grant a stay pending inter partes review.

The overlap between the standards for granting a stay in those two contexts is not surprising, since both CBM review and inter partes review, like reexamination, are designed to promote the same policy goals. That is to give the Patent and Trademark Office ("the PTO"), the expert agency that issued the patents in suit, an opportunity to determine in the first instance whether the patents are valid in light of the cited prior art and to simplify district court infringement proceedings. See In re Etter, 756 F.2d 852, 857 (Fed. Cir. 1985) ("When the patent is concurrently involved in litigation [one function of reexamination] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration.").

NFCT is correct that Congress's inclusion of a stay provision in the CBM review section of the AIA clearly signaled a desire to make stay relief readily available in CBM review cases. Moreover, the legislative history of the AIA makes it apparent that Congress intended for district courts to be liberal in granting stays pending CBM review. As Senator Schumer observed regarding the CBM review provision, Congress intended to place "a very heavy thumb on the scale in favor of a stay being granted" once the PTAB instituted CBM review proceedings. 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Chuck Schumer). But Congress's desire to enhance the role of the PTO and limit the burden of litigation on courts and parties was not limited to the CBM review context. The legislative history indicates that Congress recognized that the same underlying policy considerations that apply to CBM review apply to inter partes review as well. See H. Rep. No. 112-98, Part I, at 48 (2011) (statutory post-grant review procedures were designed to be "quick and cost effective alternatives to litigation"); 157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (inter partes review was intended to provide a "faster, less costly alternative[] to civil litigation to challenge patents) (statement of Sen. Chuck

Grassley); id. at S5319 (daily ed. Sept. 6, 2011) (post-grant review of patents, including inter partes review, was meant to be "an inexpensive substitute for district court litigation" that "allows key issues to be addressed by experts in the field") (statement of Sen. Jon Kyl). In light of the parallel policies underlying the CBM and inter partes review proceedings, it is not surprising that courts have applied generally similar analysis to requests for stays in both settings.

In fact, since the circuit court's decision in VirtualAgility, courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted inter partes review proceedings. See Capella Photonics, Inc. v. Cisco Sys., Inc., No. C-14-3348 (N.D. Cal. Mar. 6, 2015); Gentherm Can., Ltd. v. IGB Auto., Ltd., No. 13-11536, 2015 WL 804657 (E.D. Mich. Feb. 26, 2015); Verinata Health, Inc. v. Ariosa Diagnostics, Inc., No. 12-cv-5501, 2015 WL 435457 (N.D. Cal. Feb. 2, 2015); Service Solutions U.S., L.L.C. v. Autel.US Inc., No. 13-10534, 2015 WL 401009 (E.D. Mich. Jan. 28, 2015); In re CTP Innovations, LLC, Patent Litig., MDL 14-MD-2581, 2015 WL 317149 (D. Md. Jan. 23, 2015); Safe Storage LLC v. Dell Inc., Civil Action No. 12-1624 (D. Del. Jan. 22, 2015); Cutsforth, Inc. v. Westinghouse Air Brake Techs. Corp., Civil No. 12-1200 (D. Minn. Jan. 15, 2015); CANVS Corp. v. United States, No. 10-540 C (Fed. Cl. Dec. 19, 2014); Kaneka Corp. v. SKC Kolon PI, Inc., No. CV 11-3397 (C.D. Cal. Dec. 5, 2014); Locata LBS LLC v. Paypal Inc., No. C 14-1864 (N.D. Cal. Dec. 4, 2014); Surfcast, Inc. v. Microsoft Corp., No. 2:12-cv-333, 2014 WL 6388489 (D. Me. Nov. 14, 2014); Norman IP Holdings, LLC v. Chrysler Group LLC, No. 6:13-cv-278 (E.D. Tex. Oct. 8, 2014); Cypress Semiconductor Corp. v. GSI Tech., Inc., No. 13-cv-2013, 2014 WL 5021100 (N.D. Cal. Oct. 7, 2014); Intellectual Ventures II LLC v. Suntrust Banks, Inc., No. 1:13-cv-2454,

2014 WL 5019911 (N.D. Ga. Oct. 7, 2014); <u>Evolutionary Intelligence, LLC v. Sprint Nextel Corp.</u>, No. C-13-4513, 2014 WL 4802426 (N.D. Cal. Sept. 26, 2014); <u>PersonalWeb Techs., LLC v. Google Inc.</u>, No. 5:13-cv-1317, 2014 WL 4100743 (N.D. Cal. Aug. 20, 2014); <u>Intellectual Ventures II LLC v. U.S. Bancorp</u>, Civil No. 13-2071, 2014 WL 5369386 (D. Minn. Aug. 7, 2014); <u>Affinity Labs of Texas LLC v. Samsung Elecs. Co.</u>, No. 14-cv-2717, 2014 WL 3845684 (N.D. Cal. Aug. 1, 2014); <u>Depomed Inc. v. Purdue Pharma L.P.</u>, Civil Action No. 13-571, 2014 WL 3729349 (D.N.J. July 25, 2014).[1]

The same has been true of motions to stay proceedings in the trial court after the PTAB has instituted CBM review proceedings. <u>See</u> <u>Moneycat Ltd. v. Paypal Inc.</u>, No. 14-cv-2490, 2014 WL 5689844 (N.D. Cal. Nov. 4, 2014); <u>Secure Axcess, LLC v. U.S. Bank Nat'l Ass'n</u>, No. 6:13-cv-717 (E.D. Tex. Oct. 20, 2014); <u>DataTreasury Corp. v. Fiserv, Inc.</u>, No. 2:13-cv-431 (E.D. Tex. Sept. 29, 2014); <u>Solutran, Inc. v. Elavon, Inc.</u>, No. 13-cv-2637 (D. Minn. Sept. 18, 2014); <u>Segin Sys., Inc. v. Stewart Title Guar. Co.</u>, No. 2:13-cv-190, 2014 WL 3895931 (E.D. Va. Aug. 8, 2014); <u>see also</u> <u>Versata Software, Inc. v. Callidus Software, Inc.</u>, No. 2014-1468, 2015

---

[1]    The post-<u>VirtualAgility</u> cases that have departed from that general approach have involved unusual facts. For example, in <u>Drone Technologies, Inc. v. Parrot S.A.</u>, No. 14-cv-111, 2014 WL 6607484 (W.D. Pa. Nov. 19, 2014), the court noted that the defendants had been guilty of "flagrant failure to permit this case to proceed through discovery" and had entered a default judgment against the defendants on the merits. Under those circumstances, the court saw no reason to further delay the proceedings before it. In <u>SCVNGR, Inc. v. eCharge Licensing, LLC</u>, Civil Action No. 13-12418, 2014 WL 4804738 (D. Mass. Sept. 25, 2014), <u>Intellectual Ventures II L.L.C. v. JP Morgan Chase & Co.</u>, No. 13 Civ. 3777 (S.D.N.Y. Aug. 11, 2014), and <u>Invensys Systems, Inc. v. Emerson Electric Co.</u>, No. 6:12-cv-799, 2014 WL 4477393 (E.D. Tex. July 27, 2014), the courts denied stays because the PTAB had granted review of only some of the asserted claims or patents, and the courts were not persuaded that the PTAB review proceedings were likely to result in significant simplification of the issues in suit.

WL 981523 (Fed. Cir. Feb. 27, 2015); <u>Benefit Funding Sys. LLC v. Advance Am. Cash Advance</u>

<u>Ctrs. Inc.</u>, 767 F.3d 1383 (Fed. Cir. 2014).

That near-uniform line of authority reflects the principal point made by the court in

<u>VirtualAgility</u>—that after the PTAB has instituted review proceedings, the parallel district court

litigation ordinarily should be stayed.  The decisions cited above have applied the same general

approach in the analogous setting of inter partes review.[2]

With that said, it is nonetheless necessary to determine whether there are circumstances

in this case that would call for a departure from that general practice and make a stay

inappropriate.  As noted above, the other factors bearing on the Court's exercise of its discretion

to grant or deny a stay do not cut strongly either in favor of or against a stay.  Nor has NFCT

pointed to any special circumstances that would counsel against granting a stay in this case.

The only wrinkle pointed out by NFCT is that the PTAB's order granting inter partes

review did not include all of the asserted claims of the '664 patent.  In particular, currently

asserted claims 14, 15, and 19 were not included in the petition for inter partes review of the '664

patent or the PTAB's order granting inter partes review of that patent.  For that reason, NFCT

contends that the stay should be denied.  NFCT argues that with those claims omitted from the

---

[2]  Without acknowledging the line of authority cited above, NFCT argues that courts "routinely deny motions to stay where the litigation has progressed as far as the present litigation." Dkt. No. 149, at 8. NFCT cites four cases for that proposition. In three of the four cited cases, a large number of the claims at issue were not undergoing inter partes review. The remaining case, <u>Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB</u>, No. 6:12-cv-224, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014), predated the Federal Circuit's decision in <u>VirtualAgility</u>. Moreover, the inter partes review proceeding in that case involved only a small minority of the references at issue in the litigation, which the court found reduced the likelihood that the inter partes review proceeding would result in simplification of the case before the court. Thus, contrary to NFCT's suggestion, the four cases it cites do not represent the "routine." Instead, they contain unusual facts that render them exceptions, rather than representing the general rule.

inter partes review, the PTAB's decision in the review proceeding is unlikely to result in a significant simplification of the case. The Court does not agree.

The reason that three of the claims of the '664 patent were not included in the defendant's original petition for inter partes review of the '664 patent is that at the time the petition was filed, NFCT had not asserted those claims against HTC. When NFCT asserted those claims in the litigation, HTC promptly petitioned for those claims to be added to the inter partes review proceeding. The absence, at least for now, of those claims from the inter partes review is therefore chargeable to NFCT, not to HTC. In light of the relationship between those claims and the claims for which review was granted, it seems entirely possible that the claims will be added to the review. In any event, even if the PTAB restricts its review to the claims of the '551 patent and the initially asserted claims of the '664 patent, any disposition by the PTAB is likely to simplify the proceedings before this Court, at the very least with respect to the '551 patent. Accordingly, in light of the fact that the PTAB has already instituted review of the two patents in suit in this case, the "simplification" factor cuts strongly in favor of granting a stay in this case pending the completion of the inter partes review process.

## CONCLUSION

After weighing all the factors that bear on whether to grant a stay pending inter partes review, the Court concludes that the balance of those factors favors HTC. Accordingly, in the exercise of its discretion this Court will grant HTC's motion to stay all proceedings in this case pending the completion of the inter partes review before the PTAB. The parties are directed to advise the Court promptly when the PTAB issues its decision in the inter partes review proceeding.

IT IS SO ORDERED.

SIGNED this 11th day of March, 2015.


_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE